PARKER, Judge.
J.R. appeals his adjudication of delinquency for felony criminal mischief. We reverse based upon insufficient evidence.
The following evidence, in the light most favorable to the state, was presented at the adjudicatory hearing. Lorraine Staton, who lived across from Crews Park, had been to the park earlier in the day on March 10, 1994, and did not hear any water running in the public rest room. That evening she was sitting in her front yard and heard a loud racket coming from the park. As she reached the edge of the park, the banging stopped. As she approached the rest room, she could hear water. There was a boy standing outside of the rest room, and he said, “I haven’t done anything; I haven’t done anything.” As she was entering the rest room, J.R. and two other boys were leaving the rest room. They were laughing and their clothes were wet. Staton observed no other persons around the rest room. When she entered the rest room she observed water spewing and broken commodes and glass. The city administrator testified that there was extensive damage to the rest room.
The state’s evidence was circumstantial. Regardless of how strongly the circumstantial evidence suggests guilt, a court may not sustain a conviction unless the evidence is inconsistent with any hypothesis of innocence. G.H. v. State, 599 So.2d 231 (Fla. 3d DCA 1992) (quoting McArthur v. State, 351 So.2d 972, [976] n. 12 (Fla.1977)). In G.H. witnesses observed G.H. running around a parked van and then fleeing from the parking lot where the van was parked. The van had been scratched deeply. There was testimony that G.H. and the family who owned the van did not get along. The Third District reversed the adjudication of delinquency for insufficient evidence of criminal mischief.
In this case the state presented evidence only that J.R. was leaving a rest room which had been damaged. The state points out in its brief, and the record shows, that at one point J.R. admitted his involvement in the crime and that one of the boys implicated J.R. The state, however, did not present this evidence at the adjudicatory hearing. We obviously could have affirmed this case if the state had presented this evidence and the court lawfully admitted it. Nevertheless, viewing the evidence which was admitted in *279 the light most favorable to the state, the evidence was insufficient to support an adjudication of delinquency for criminal mischief.
Reversed and remanded for dismissal of the charge against J.R.
RYDER, A.C.J., and LAZZARA, J, concur.