PER CURIAM.
M.P.W. appeals from an adjudication of delinquency on the charge of grand theft. He contends the trial court erred in failing to grant his motion for judgment of acquittal. We agree and reverse because the State *592 failed to present sufficient evidence to overcome M.P.W.’s reasonable hypothesis of innocence.
The State must prove each element of a crime charged beyond a reasonable doubt. See Owen v. State, 432 So.2d 579 (Fla. 2d DCA 1983). If the State cannot do so, then a judgment of acquittal should be granted. In a circumstantial evidence case, like this case, the trial court should grant a judgment of acquittal if the State “fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt.” State v. Law, 559 So.2d 187, 188 (Fla.1989). “The legal sufficiency of the evidence is a matter of law for the appellate court to decide.” Gonzalez v. State, 547 So.2d 1274, 1276 (Fla. 2d DCA 1989).
The following facts were presented at the adjudicatory hearing. While the victims were out of town, their sons had a party at their home. From 50 to 100 young people attended. During the party, jewelry was stolen from the home. Several juveniles, including M.P.W., were charged with grand theft of the jewelry.
The State presented no direct evidence that M.P.W. committed grand theft. The State presented two witnesses: the victim and a codefendant, who admitted his own involvement in the theft. Another admitted perpetrator of the theft and M.P.W. testified for the defense. All the witnesses agreed that M.P.W. was present at the party, knew about the theft, and handled at least one piece of the stolen jewelry at the party.
M.P.W. admitted being handed an item of stolen jewelry, looking at it and then returning it. He denied taking or retaining any jewelry, or any intent to possess any of the stolen items. None of the other witnesses testified that M.P.W. had taken or retained any of the stolen property.
The codefendant who testified for the State testified to a statement made by M.P.W. The statement was to the effect that M.P.W. had said that the jewelry came from the victim’s bedroom. The trial judge misconstrued the statement as an admission by M.P.W. that he had removed the jewelry from the bedroom. If the statement had in fact been made as the trial judge construed it, then such an admission would support the denial of the motion for judgment of acquittal.
In presenting his motion for judgment of acquittal, M.P.W.’s defense attorney suggested to the trial judge that there was no testimony regarding an admission by M.P.W. Defense counsel requested the trial judge have the court reporter read back the disputed testimony. The trial judge refused the request. He agreed he might be mistaken but had a firm belief he had heard testimony of an admission by M.P.W.
Our review of the disputed testimony shows that the trial judge was indeed mistaken and the testimony was not an admission. The trial judge, as the fact finder, may determine the credibility of a witness. However, while the judge may find that a witness is not credible, such a finding does not permit the judge to interpret that witness’s testimony contrary to what was actually testified. For example, a witness testifies that the car was blue. The fact finder may find that the witness was not credible, i.e., lying about the color of the ear. However, the fact finder may not construe the witness’s testimony as something else, i.e., that the car was black. Here, further questioning might well have clarified the witness’s testimony. This was not done by either counsel or the trial judge who at other times during the trial freely inquired to explain misunderstandings.
“Regardless of how strongly the circumstantial evidence suggests guilt, a court may not sustain a conviction unless the evidence is inconsistent with any hypothesis of innocence.” J.R. v. State, 671 So.2d 278, 278 (Fla. 2d DCA 1996). The defense witness’s testimony that M.P.W. did not take, receive or retain any of the stolen property, and the same testimony by M.P.W., along with M.P.W.’s denial that he had any intent to appropriate the jewelry to his possession or use, constitutes a reasonable hypothesis of innocence. Mere presence of a defendant at a crime scene is insufficient to establish guilt. See Evans v. State, 643 So.2d 1204 (Fla. 1st DCA 1994). Without the “admission,” the *593 remaining evidence against M.P.W. failed to overcome his hypothesis of innocence.
Reviewing the evidence in the light most favorable to the State, the evidence was insufficient to support an adjudication of delinquency. Therefore, we reverse and remand for dismissal of the charge against M.P.W.
Reversed.
BLUE, A.C.J., and QUINCE, J., concur.