SHAHOOD, J.
We reverse appellant’s conviction for grand theft of a fire extinguisher on the grounds that there was insufficient evidence to sustain his conviction.
Appellant was charged by petition with grand theft of a fire extinguisher when he removed a fire extinguisher off the wall in the “time out room” at his school and threw it in the direction of the Assistant Discipline Coordinator’s desk. Appellant’s reaction was in response to a conflict between himself and the Discipline Coordinator just prior to the incident in question. In a fit of anger, appellant grabbed the fire extinguisher and threw it in the direction of the desk. At the time, the Discipline Coordinator was sitting approximately ten feet away from the desk. At most, appellant had the fire extinguisher in his possession for “a second or so.”
We hold that the trial court erred in denying appellant’s motion for judgment of acquittal and in sustaining his conviction where the state failed to prove that appellant had the requisite intent to commit the crime.
Courts should not grant a motion for judgment of acquittal unless, when viewed in a light most favorable to the state, the evidence does not establish the prima facie case of guilt. See Proko v. State, 566 So.2d 918, 919 (Fla. 5th DCA *751 1990). A party moving for judgment of acquittal admits the facts and evidence adduced, as well as every conclusion favorable to the adverse party that the jury might fairly and reasonably infer from the evidence. See Lynch v. State, 293 So.2d 44 (Fla.1974).
Although the state is not required to conclusively rebut every variation of events which may be inferred from the evidence, it is required to present competent, substantial evidence which is inconsistent with the defendant’s theory of events. See State v. Law, 559 So.2d 187, 189 (Fla.1989). It is the trial judge’s proper task to review the evidence to determine the presence or absence of competent proof from which the jury could infer guilt to the exclusion of all other inferences. See id. at 189. Once competent substantial evidence has been submitted on each element of the crime, it is for the jury to evaluate the evidence and credibility of the witnesses. See Taylor v. State, 583 So.2d 323 (Fla.1991).
In determining whether the state presented sufficient evidence to overcome appellant’s reasonable hypothesis of innocence, the state must prove each element of a crime charged beyond a reasonable doubt. See M.P.W. v. State, 702 So.2d 591, 592 (Fla. 2d DCA 1997). If the State cannot do so, then a judgment of acquittal should be granted. See id.
Section 812.014(1), Florida Statutes (1997), defines “theft” as follows:
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property.
(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
It is a third degree felony if the stolen property is a fire extinguisher. § 812.014(2)(c)8, Fla. Stat. (1997).
 The intent to steal or deprive the victim of the victim’s property is a necessary element of grand theft. It is a well-established principle of law that the issue of felonious intent or state of mind of the defendant is generally a jury question that, in most instances, cannot be ascertained by direct proof, but must be inferred from the surrounding circumstances. See Mosher v. State, 750 So.2d 120 (Fla. 3d DCA 2000); State v. West, 262 So.2d 457, 458 (Fla. 4th DCA 1972). This well-established principle, however, is subject to the legal requirement that there must be some substantial competent evidence from which the jury may reasonably infer the intent. See id.
Section 812.014 requires a finding of specific criminal intent to either (a) “deprive” the other person of a right to the property or a benefit therefrom or (b) “appropriate” the property to his own’ use or to the use of any person not entitled thereto. See State v. G.C., 572 So.2d 1380, 1381 (Fla.1991), receded from on other grounds, I.T. v. State, 694 So.2d 720 (Fla. 1997). The terms “deprive” and “appropriate” both connote a taking of another’s property without authorization. See id. In Daniels v. State, 587 So.2d 460 (Fla.1991), the Florida Supreme Court explained that the specific intent to commit robbery, under section 812.014(1), is the intent to steal, i.e., to deprive an owner of property either permanently or temporarily. 587 So.2d at 462.
In this case, appellant did not have the specific intent to appropriate or deprive the School Board of its property. Clearly, appellant’s use of the fire extinguisher was incidental to another act since he took the fire extinguisher off the wall in a fit of anger over his pending discipline. We do not agree with the state, that a momentary taking, for only a second or two, constitutes the specific intent neces *752 sary to temporarily appropriate the School Board’s property as defined under section 812.014(1).
Accordingly, we reverse appellant’s conviction for grand theft of a fire extinguisher and direct that appellant be discharged.
REVERSE AND DISCHARGE.
WARNER, C.J., and GROSS, J., concur.