760 So.2d 1141 (2000)
Vince Romeo PEOPLES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-1366.
District Court of Appeal of Florida, Fifth District.
July 7, 2000.
*1142 James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Following the issuance of our decision in this case, Mr. Peoples filed a motion for rehearing. As authority for the motion, he cited to the Fourth District's opinion in T.L.M. v. State, 755 So.2d 749 (Fla. 4th DCA 2000). Although we find T.L.M. factually distinguishable and thus not controlling, we grant rehearing, withdraw our previous opinion, and substitute the following in its place so that we can add a discussion regarding the T.L.M. decision.
Vince Peoples appeals his judgments and sentences which were imposed by the trial court after a jury found him guilty of committing the crimes of battery on a law enforcement officer, grand theft of a fire extinguisher, and interfering with a fire-fighting instrument.[1] We affirm.
Mr. Peoples first contends that the trial court erred in denying his motion for judgment of acquittal on the grand theft charge, arguing: 1) the State failed to prove he had specific intent to commit the theft; and 2) the State failed to prove the value of the fire extinguisher was greater than $300. However, the record reveals that the court properly denied the motion since the evidence submitted by the State established all of the elements of the crime, including Mr. Peoples' intent to commit theft.
To that end, the State submitted evidence which demonstrated that Mr. Peoples, while an inmate in an Orange County correctional institution, took a fire extinguisher from its storage area, walked to the desk where a correctional officer was seated, struck the officer on the shoulder with the extinguisher, pulled the pin on the extinguisher, and then discharged its contents into the face of the officer. The battery continued until the officer passed out from the fumes. The testimony also established that Mr. Peoples did not have authority to remove or to discharge the fire extinguisher. Based on these circumstances, the trial court properly allowed the question of Mr. Peoples' intent to commit the theft to be determined by the jury. See Hardwick v. State, 630 So.2d 1212 (Fla. 5th DCA 1994). As noted above, Mr. Peoples contends that this ruling conflicts with the decision issued by the Fourth District in T.L.M. v. State, 755 So.2d 749 (Fla. 4th DCA 2000). We disagree.
*1143 In T.L.M., a juvenile defendant was charged with committing the offense of grand theft of a fire extinguisher. The trial evidence demonstrated that while on school property, T.L.M. removed a fire extinguisher from the wall and threw it in the direction of the Assistant Discipline Coordinator's desk. The opinion states that "[a]t most, [T.L.M.] had the fire extinguisher in his possession for `a second or so.'" Id. T.L.M. was adjudicated guilty as charged. On appeal, the Fourth District reversed, holding that the trial court erred in denying T.L.M.'s motion for judgment of acquittal because the state had failed to prove he had the requisite intent to commit the crime. In explaining its ruling, the Fourth District wrote:
In this case, appellant did not have the specific intent to appropriate or deprive the School Board of its property. Clearly, appellant's use of the fire extinguisher was incidental to another act since he took the fire extinguisher off the wall in a fit of anger over his pending discipline. We do not agree with the state, that a momentary taking, for only a second or two, constitutes the specific intent necessary to temporarily appropriate the School Board's property as defined under section 812.014(1).
Id. Review of this language reveals that the facts presented in T.L.M. are distinguishable from those presented here since Mr. Peoples' use of the fire extinguisher was not "incidental" to another act nor was his use of the fire extinguisher "for only a second or two." Instead, Mr. Peoples' act of taking possession of and then using the fire extinguisher to batter the correctional officer was sufficient to evidence his intent to appropriate the correctional institution's property contrary to section 812.014(2)(c) of the Florida Statutes (1997), since, as the T.L.M. court noted, the specific intent to commit a theft includes the intent to deprive an owner of property either permanently or temporarily. Accordingly, the trial court properly submitted that issue to the jury for resolution.
With regard to Mr. Peoples' argument that the State failed to prove the value of the fire extinguisher, section 812.014(2)(c) of the Florida Statutes (1997) provides a list of items the theft of which constitutes grand theft regardless of the value of the items. Section 812.014(2)(c)8. specifically lists the theft of "[a]ny fire extinguisher" as a third degree grand theft. In such a case, the value of the fire extinguisher is not an element of the offense requiring proof by the State. See Davis v. State, 445 So.2d 627 (Fla. 1st DCA 1984), approved, 475 So.2d 223 (Fla. 1985).
In raising a challenge to his sentence, Mr. Peoples argues that the trial court erred in assessing 18 points for moderate victim injury, claiming that the evidence of record only demonstrated slight injury. The scoring of victim injury is within the sound discretion of the trial court. See Brown v. State, 652 So.2d 488 (Fla. 5th DCA 1995). Here, the victim testified that as a result of Mr. Peoples' attack upon him, he blacked out from the caustic fumes. He experienced severe chest pressure and could not breathe, his eyes and skin were burning, and he is still experiencing coughs which he related to the caustic fumes. Also, the prison nurse testified that the chemicals released from the fire extinguisher were caustic and may be carcinogenic, and that the chemicals crystalize in the lungs making it difficult to breathe. This evidence supports the finding of moderate victim injury.
Having found no merit in either of the claims of error raised on appeal, we affirm Mr. Peoples' judgments and sentences.
REHEARING GRANTED; AFFIRMED.
W. SHARP, GRIFFIN, and SAWAYA, JJ., concur.
NOTES
[1] §§ 784.03; 784.07(2)(b); 812.014(2)(c)8.; 806.10(1), Fla. Stat. (1997).