SALCINES, Judge.
C.J.W. challenges his adjudication of delinquency for the offense of criminal mischief. He maintains that the circumstantial evidence in this case was insufficient to rupport the adjudication. We agree and reverse.
The State filed a petition of delinquency alleging that C.J.W. and his brother, J.W., had committed a burglary and criminal mischief. The charges in the petition stemmed from the unauthorized entry into a closed and locked clubhouse located at the River Bay Mobile Home Park in Tampa and the damage done to a candy machine located therein. The case proceeded to a trial in the juvenile division of the circuit court. After the testimony and evidence was presented at the trial, the juvenile court dismissed the charge of burglary against C.J.W. and his brother, but adjudicated them guilty of criminal mischief for the damage done to the candy machine.
At trial, the State presented the testimony of the owner of the property and the superintendent of the mobile home park. These witnesses testified concerning the approved use of the clubhouse and about the damages done inside the clubhouse after the break-in. Further, the State informed the court that the premises had been monitored by a security camera on the evening of the break-in. Although a videotape of the interior of the clubhouse had been made, the tape was destroyed at some time prior to the trial. The exact contents of the videotape were not made known during the trial, except to the extent mentioned during the testimony of the deputy sheriff who interviewed the boys after the incident.
The deputy sheriff testified that she gave the boys their Miranda[1] warnings and then questioned them. The deputy testified:
[C.J.W.] first denied it. Stating, he was nowhere near the clubhouse. And then after being told of the videotape he said it was [J.W.’s] idea to break into the candy machine that was inside the clubhouse.
The deputy indicated that J.W. “admitted that he broke into the clubhouse.” Finally, the deputy stated, “They admitted to being in the building, yes.”
A conviction based on circumstantial evidence cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of-innocence. See Terranova v. State, 764 So.2d 612, 615 (Fla. 2d DCA 1999). The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the trier of fact to determine, and where there is substantial, competent evidence to support the verdict, this court will not reverse. Id. See also E.H.A. v. State, 760 So.2d 1117, 1119 (Fla. 4th DCA 2000). Evidence that creates nothing more than a strong suspicion that a defendant committed the crime is not sufficient to support the conviction. See Terranova, 764 So.2d at 615. Furthermore, mere presence of a defendant at a crime scene is insufficient to establish guilt. See M.P.W. v. State, 702 So.2d 591, 592 (Fla. 2d DCA 1997).
The only direct evidence that C.J.W. participated in the criminal mischief was his statement to the investigating deputy that it was his brother’s idea to break into the machine. He did not admit that he was present when his brother broke into the machine or that he had participated in breaking into the machine. Hence, there was not substantial, competent evidence to support C.J.W.’s adjudication for criminal mischief. Accordingly, we reverse the order of adjudication of delinquency and remand to the trial court with instructions to discharge C.J.W. from postcommitment community control. See B.D.K. v. State, 743 So.2d 1155 (Fla. 2d DCA 1999).
*399 Reversed and remanded with instructions.
PARKER, A.C.J., and DAVIS, J., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).