DAMOORGIAN, J.
D.F.J., a child, appeals his adjudication of delinquency for aggravated battery and robbery with a weapon. We reverse for insufficiency of evidence.
The evidence adduced at the adjudicatory hearing established that the victim was attacked from behind and suffered a deep laceration to the top portion of the left side of his head. After being struck, he was robbed of a gold chain, cash, and a cellular telephone. The crime occurred in the backyard of the victim’s home while he and D.F.J., along with the co-defendant and an unidentified male, drank beer. At some point, the victim was grabbed by the neck and struck from behind. He passed out and awoke with a stab wound to the head. He did not see who had grabbed or struck him, and could not identify which of the three other individuals present at the time of the attack may have perpetrated the crime.
D.F.J. and the co-defendant were witnessed jumping over a fence near the scene and the victim’s wallet was found by the fence. Both denied any knowledge of the crime, although each admitted to being at the scene with the victim and the urn identified male.
At the close of the State’s case, the defense moved for judgment of dismissal, arguing that the case was purely circumstantial, and there were no eyewitnesses that saw D.F.J. involved in the robbery or the aggravated battery.[1] The defense argued that there was a reasonable hypothesis of innocence since there was no indication of who actually attacked and robbed the victim. Because the evidence failed to exclude a reasonable possibility that someone else could have committed the crime, the defense submitted that the court was required to grant the motion for judgment of dismissal.
The State countered that the evidence showed that the victim was hit in the back of the head, grabbed around the neck, and stabbed in the head. At some point during or after the attack, the victim’s necklace was ripped off, and his phone and wallet were taken. The State also noted that the victim had testified that D.F.J. and the co-defendant were speaking in a dialect he did not understand, giving the appearance that something was being planned. Additionally, D.F.J. and the co-defendant ran from the scene at the same time, and the victim’s wallet was found near the fence D.F.J. jumped over. Finally, both D.F.J. and the co-defendant stated that the victim, during an altercation between the co-defendant and the unknown male, retrieved several knives from inside his home and returned to the scene.[2] The State argued that these statements indicated knowledge of the presence of the knife at the scene.
A motion for judgment of dismissal should be granted in a circumstantial evidence case if the State fails to present evidence from which the judge can exclude every reasonable hypothesis except that of guilt. J.R. v. State, 671 So.2d 278, 278 (Fla. 2d DCA 1996) (“Regardless of how strongly the circumstantial evidence suggests guilt, a court may not sustain a *1185 conviction unless the evidence is inconsistent with any hypothesis of innocence.”).
D.F.J. contends that the State’s only evidence against him is that he was present at the scene of the commission of the crimes and that he fled from the scene. The State offers no evidence that D.F.J. perpetrated or assisted in the perpetration of the crimes or that he had the intent to join in the crimes. Most importantly, D.F.J. argues that the State failed to present evidence from which the judge could exclude the reasonable hypothesis that D.F.J. was merely a witness to the crime. See J.W. v. State, 467 So.2d 796, 797 (Fla. 3d DCA 1985). We agree.
The State’s evidence was circumstantial. No matter how strongly the circumstantial evidence points toward guilt, the evidence must, nonetheless, rebut any hypothesis of innocence, including that D.F.J. was present at the scene, and was merely a witness to the crime. Id.
Because the only witness to the crime was the victim and he could not definitively state who attacked him, the State was unable to overcome D.F.J.’s reasonable hypothesis of innocence. See T.L.M. v. State, 755 So.2d 749, 751 (Fla. 4th DCA 2000) (citing M.P.W. v. State, 702 So.2d 591, 592 (Fla. 2d DCA 1997)). Accordingly, D.F.J.’s motion for judgment of dismissal in this circumstantial evidence case should have been granted. See, e.g., State v. Law, 559 So.2d 187 (Fla.1989); Dupree v. State, 705 So.2d 90, 94 (Fla. 4th DCA 1998).

Reversed and Remanded for dismissal of the charges against D.F.J.

MAY and LEVINE, JJ., concur.

. Under Rule 8.110(k), Florida Rules of Juvenile Procedure, a motion for judgment of dismissal is the equivalent of a motion for judgment of acquittal in the adult criminal context. See W.E.P., Jr. v. State, 790 So.2d 1166, 1169 n. 3 (Fla. 4th DCA 2001). The standard for ruling on a motion for judgment of dismissal is the same as the standard for ruling on a motion for judgment of acquittal. Id. at 1169-70.

. The officers investigating the crime recovered only one knife from the scene.