MAY, J.
A juvenile appeals a finding of guilt and disposition order on two counts of petit theft. He argues the trial court erred in denying his motion for judgment of dismissal. We agree and reverse.
The theft occurred at a park where the victims were playing basketball. They placed their wallets and cell phones on the ground next to the basketball hoop. The juvenile was near the basketball court, as were other people.
When the basketball went out of bounds, one of the victims chased after it. When he turned around, he saw the juvenile and the juvenile’s friend running from the area where the victims left their cell phones and *648 wallets. The cell phones and wallets were gone.
The State filed a petition for delinquency, charging the juvenile with two counts of grand theft of property valued between $300 and $5,000. The case proceeded to a non-jury trial.
A police officer testified that she questioned the juvenile about two weeks after the theft. Prior to being formally Miran-dized, he spontaneously said, “I can’t believe I am going down for this alone.” After waiving his Miranda rights, he told the officer that he went to the park with a friend to play basketball. His friend said, “When I run, you run.” Moments later, he “followed [his friend] blindly, leaving his [own] shoes behind.” He did not know why they were running. They jumped a fence and got into a nearby car belonging to the juvenile’s brother.
Both victims testified concerning the value of their belongings.
When the State rested, the juvenile moved for a judgment of dismissal. Counsel argued that the State failed to prove that the juvenile took the items, and that the victims’ testimony concerning the value of their belongings was insufficient to prove their actual value. The trial court recognized it was a circumstantial-evidence case and that it needed to be mindful of the accelerated depreciation of electronics. The court found that the evidence, viewed in the light most favorable to the State, was sufficient and denied the motion.
The defense rested without putting on any evidence, and renewed its motion for judgment of dismissal. The court granted the motion in part as to count one, finding that the State failed to adequately prove the value of one of the phones. The court reduced the charge from grand theft to petit theft. The court denied the motion as to count two.
The court then found the juvenile guilty of two counts of petit theft, finding insufficient evidence to support the value of the second phone. The court adjudicated the juvenile delinquent and placed him on probation. From this disposition, the juvenile has appealed.
The juvenile continues to argue that the trial court erred in denying his motion for judgment of dismissal because the State’s circumstantial evidence failed to rebut his hypothesis of innocence. The State admits that the evidence against the juvenile was “not overwhelming,” but argues the evidence was sufficient to submit the case to the trier of fact.
“We apply a de novo standard of review for a motion for judgment of dismissal.” Q.J.L. v. State, 120 So.3d 150, 153 (Fla. 4th DCA 2013) (quoting J.T. v. State, 47 So.3d 934, 935-36 (Fla. 4th DCA 2010)). “A motion for judgment of dismissal should be granted in a circumstantial evidence case if the State fails to present evidence from which the judge can exclude every reasonable hypothesis except that of guilt.” D.F.J. v. State, 60 So.3d 1183, 1184 (Fla. 4th DCA 2011).
No one disputes the circumstantial nature of the case. The State charged the juvenile under a principal theory, which required the State to prove beyond a reasonable doubt that the juvenile intended that the crimes be committed and did some act to assist in committing the crimes. A.S.F. v. State, 70 So.3d 754, 757 (Fla. 4th DCA 2011).
“Importantly, this court has stressed that ‘[m]ere knowledge that an offense is being committed, mere presence at the scene, and even a display of questionable behavior after the fact, are not, alone, sufficient to establish participation.’ ” T.W. v. State, 98 So.3d 238, 242 (Fla. 4th DCA 2012) (quoting Theophile v. *649 State, 78 So.3d 574, 578 (Fla. 4th DCA 2011)). Here, the State established only the juvenile’s presence, questionable behavior, and a comment that did not amount to an admission. See Fiske v. State, 366 So.2d 423, 424 (Fla.1978) (holding that statements made when confronted by law enforcement that are “ambiguous and susceptible of innocent explanation as well as being indicative of criminal knowledge” must be resolved in favor of the accused).
The State relies on Hill v. State, 958 So.2d 549 (Fla. 4th DCA 2007), but we find it easily distinguishable. There, the defendant witnessed his cousin commit a robbery, then assisted commission of the crime by driving the get-away car at the instruction of his cousin. There is no evidence in this case to establish the juvenile’s participation in, knowledge of, or assistance in the commission of a crime.
There was no evidence that either juvenile stole the items or assisted anyone in doing so. The State proved the juvenile: (1) was in the area where the crime took place; (2) was seen running near where a crime took place; and (3) said, “I can’t believe I am going down for this alone.” These three facts fail to prove that the juvenile committed, or assisted in committing, a crime.
The State’s evidence simply fell short. The trial court should have granted the juvenile’s motion for judgment of dismissal. We therefore reverse and remand the case for the trial court to vacate the finding of guilt and disposition order.

Reversed and Remanded.

CIKLIN and LEVINE, JJ., concur.