MAY, J.
The sufficiency of .the evidence is challenged in this appeal. The defendant argues the State failed to prove the elements of robbery by sudden snatching. We agree and reverse.
The State charged the defendant with third degree felony robbery by sudden snatching. The evidence established that the victim was sitting on her father’s car outside their home when she noticed a car drive past her house twice before turning around at a stop sign. The victim saw a single occupant in the car; no passengers.
Three to four minutes later, two men approached from the side of another house, walked to the victim’s right side, and stopped for a few moments in front of her. She identified one of them ás the defendant. The other man asked the defendant if he was “ready.” The defendant said yes and started walking away down the street.
When the defendant was halfway down the street, the other man asked the victim if she knew where a certain person lived. When the victim stood' up, the man snatched her iPad and ran in the opposite direction of the defendant. The defendant appeared to walk faster once the iPad was stolen, but he did not run nor follow the perpetrator.
The victim screamed; her father and a neighbor ran to her aid. All three chased the men. The neighbor testified he saw the defendant running next to the man with the iPad, both running from the direction of the victim’s residence. But, his testimony conflicted with the testimony of the victim and her father, who testified the defendant and perpetrator went up different streets.
The victim’s father and neighbor caught the defendant and detained him for the police. The neighbor testified the defendant began crying when caught, said he was sorry, and asked to be released. The unidentified perpetrator ran to the car that had been stopped at the stop sign and got away.
*1012 After the State’s case, the defendant moved for-judgment of acquittal. He argued the State failed to prove he was a principal in the robbery. The trial court denied the motion.
The jury found the defendant guilty. The trial court withheld adjudication, sentenced the defendant to one year of community control followed by two years’ probation, and imposed $600 in restitution. From his conviction and sentence, the defendant now appeals.
The defendant argues the State failed to prove he was a principal to the robbery. The State merely proved he may have known the crime was going to be committed, was present at the scene, and fled afterwards. This is insufficient evidence to establish he aided and abetted the person who actually committed the crime.
The State responds the evidence sufficiently proved the defendant assisted in the robbery. It was reasonable for the jury to infer the defendant’s guilt.
We have de novo review of the trial court’s denial of a motion for judgment of acquittal. Pagan v. State, 830 So.2d 792, 803 (Fla.2002).
A court should deny a motion for judgment of acquittal if, after viewing the evidence in the light most favorable to the State, the State has presented competent, substantial evidence to establish each element of the offense. Id, “In meeting its burden, the State is not required to rebut conclusively, every possible variation of events ... but must introduce competent evidence which is inconsistent with the defendant’s theory of events.” Johnston v. State, 863 So.2d 271, 283 (Fla.2003).
A conviction under the principal theory requires a finding that the defendant: “(1) helped the person who actually committed the crime by doing or saying something that caused, encouraged, incited, or otherwise assisted that person to commit the crime; and (2) ... intended to participate in the crime.” A.S.F. v. State, 70 So.3d 754, 757 (Fla. 4th DCA 2011) (citation omitted).
Here, there was no evidence the defendant assisted in carrying out the crime by saying or doing something that “caused, encouraged, incited, or otherwise assisted” the perpetrator in committing the crime. “[M]ere knowledge that an offense is being committed, mere presence at the scene, and even a display of questionable behavior after the fact, are not, alone, sufficient to establish participation.” A.B., A Child v. State, 141 So.3d 647, 648 (Fla. 4th DCA 2014) (citation omitted).
The State established only the defendant’s presence, questionable behavior, and his comments that did not amount to an admission. The State’s suggestion that the defendant assisted in the crime by serving as a lookout is simply unsupported by the evidence. The defendant’s affirmative response when asked if he was ready is the only evidence of possible knowledge of the crime. The defendant did not run from the scene, did not leave in the same direction as the perpetrator, and did nothing to assist the perpetrator.
The defendant gave no indication of “fleeing.” We have held that “fleeing from the scene when an offense is committed [ ] does not sufficiently establish participation.” A.S.F., 70 So.3d at 757.
At most, the State presented evidence of only one element—intent. Intent to participate could be inferred from the defendant’s act of standing and observing the victim for several moments before responding to the assailant that he was “ready.” While this response might have signaled the defendant was ready to leave, as he claims, it is also plausible he knew the robbery was about to be committed.
The evidence here was even less inculpa-tory than that in A.B., 141 So.3d at 647. *1013 There, the State charged the defendant with robbery under a principal theory. The evidence established the defendant “was in the area where the crime took place; (2) was seen running near where the crime took place; and (3) said, T can’t believe I am going down for this alone.’ ” Id. at 649. The evidence also established that the defendant ran away with the perpetrator and got into the same getaway car. Id. at 64748. We held the evidence failed to prove the defendant assisted in committing the crime. Id. at 649.
Here, the defendant did not take the property from the victim. He neither fled with the perpetrator nor entered the getaway car. The defendant’s apology was less inculpatory than A.B.’s comment. Id. All of these factual distinctions make the evidence in this case weaker than the evidence in A.B. “The State’s evidence simply fell short.” Id. We therefore reverse.

Reversed.

CIKLIN, C.J., and DAMOORGIAN, J., concur.