■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FETTER, Appellant. [607 NYS2d 381] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Savarese, J., at trial; Hanophy, J., at sentence), rendered July 3, 1991, convicting him of criminal possession of stolen property in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Savarese, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

We find no merit to the defendant's contention that the evidence was legally insufficient to support the conviction of criminal possession of stolen property in the third degree. In order for a defendant to be found to "possess" the property, it is sufficient to show constructive possession, which means that the defendant exercised some "dominion and control" over the goods or the premises where the goods were found *(see,* Penal Law § 10.00 [8]; *People v Manini,* 79 NY2d 561; *People v Watson,* 56 NY2d 632; *People v Whitehead,* 159 AD2d 741). Viewing the evidence in the light most favorable to the People

*(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. A rational juror could infer from the evidence that the defendant was the manager of the grocery store where the stolen goods were found. Therefore, the evidence was sufficient to establish that the defendant exercised "dominion and control" over the store. While the defendant argues that he and another defense witness testified that he was only a part-time stock boy, it is well-settled that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the triers of fact, who saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the evidence *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Balletta, Friedmann and Florio, JJ., concur.