IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2007

Charles R. Fulbruge III
Clerk

No. 06-60710

ANDRADE BURKE, also known as C Burke, also known as
Andiade Burke, also known as Andiade Indian, also known as
Andre Burke

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals

Before JOLLY, HIGGINBOTHAM, and ELROD, Circuit Judges.

PER CURIAM:

Andrade Burke, a Jamaican citizen, appeals the order of the Board of Immigration Appeals ("BIA") affirming his removal from the United States. Burke was found removable in a proceeding before an Immigration Judge as an alien convicted of an aggravated felony. He argues that the offense for which he was convicted, criminal possession of stolen property in the third degree in violation of N.Y. Penal Law § 165.50, does not qualify as a "theft offense" within the meaning of 8 U.S.C. § 1101(a)(43)(G).

There is first of all a question of jurisdiction. The Government argues that Burke failed to claim that N.Y. Penal Law § 165.50 is not a "theft offense" before the BIA, and therefore has failed to exhaust his administrative remedies with

respect to this issue. Were this the case, 8 U.S.C. § 1252(d)(1) would prevent us from reviewing the final order of the BIA as a jurisdictional matter. See Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001). Burke appears before us pro se, and his arguments here and before the BIA are generally difficult to comprehend. Some are quite obviously being raised for the first time before us rather than the BIA, however, and are accordingly jurisdictionally barred. But Burke's arguments before the BIA do appear to include a general claim that his conviction for possession of stolen property does not qualify as an "aggravated felony." § 1101(a)(43). "[T]heft offense" is merely a subsidiary definition of "aggravated felony," a term the meaning of which Burke does challenge. Because "[w]e read pro se pleadings and briefs with tolerance and understanding," Gochnour v. Marsh, 754 F.2d 1137, 1138 (5th Cir. 1985), we consider Burke's general argument to embrace the slightly more specific question of whether his conviction can be considered a "theft offense" and, accordingly, to have been reviewed and rejected by the BIA. Burke's remedies have therefore been administratively exhausted with respect to this issue.

Questions of law, such as the scope of the definition of aggravated felony, are reviewed de novo. See Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). Burke concedes that he was convicted for violation of N.Y. Penal Law § 165.50, which provides in relevant part:

> A person is guilty of criminal possession of stolen property in the third degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when the value of the property exceeds three thousand dollars.

The BIA found that this crime qualified as an aggravated felony under the definition given in § 1101(a)(43)(G): "a theft offense (including receipt of stolen property)" for which the term of imprisonment was at least one year.

Circuits examining § 1101(a)(43)(G) have held that

> the modern, generic, and broad definition of the entire phrase "theft offense (including receipt of stolen property)" is a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent.

Hernandez-Mancilla v. I.N.S., 246 F.3d 1002, 1009 (7th Cir. 2001). See also United States v. Corona-Sanchez, 291 F.3d 1201, 1205 (9th Cir. 2002) (en banc); United States v. Vasquez-Flores, 265 F.3d 1122, 1125 (10th Cir. 2001). Our own circuit has applied this definition. See Ibrahim v. Aschroft, 74 F. App'x 426, 430 (5th Cir. 2003); Adenodi v. Gonzalez, No. 05-60459, 2007 WL 2597620, at *2 (5th Cir. Sept. 6, 2007). Today we formally adopt this interpretation of § 1101(a)(43)(G).

The elements necessary for conviction under the New York statute plainly fall within the generic definition used in § 1101(a)(43)(G). "Possess" in the New York statute means "to have physical possession or otherwise to exercise dominion or control over tangible property." N.Y. Penal Law § 10.00. See also People v. Fetter, 607 N.Y.S.2d 381, 382 (N.Y. App. Div. 1994). And this understanding of "possess" is captured by "exercise of control over property" in the generic definition. Further, the intent necessary for conviction under § 165.50 matches that of the generic definition: in both, there must an intent to deprive the owner of the benefit proceeding from possession of the stolen goods. Thus, both the criminal act and the mental state necessary for conviction under § 165.50 are included in the generic definition of "theft offense" used in this and other circuits.

The broad terms used in the generic definition of "theft offense" under 8 U.S.C. § 1101(a)(43)(G) easily embrace the New York criminal statute under which Burke was convicted. The order of the BIA is accordingly

AFFIRMED.