IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-60071
Summary Calendar

ANTHONY FRANK RODULFO

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 236 859

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Anthony Frank Rodulfo, a Peruvian citizen, was found removable by the Board of Immigration Appeals because, inter alia, he was convicted of a Massachusetts receipt-of-a-stolen-vehicle offense—an aggravated felony. Rodulfo petitions for review of this decision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodulfo claims: the documents used to determine he was convicted of the offense and sentenced to one year of imprisonment were not properly authenticated; and there was no judgment of conviction clearly describing a finding of guilt and imposing a sentence. Additionally, concerning the determination that he was sentenced to at least one year of imprisonment, Rodulfo claims: his 11-month suspended sentence should not have been counted; and his one-month term of incarceration should not have been counted because it was merely a condition of his suspended-sentence probation.

Because Rodulfo was ordered removed for an aggravated-felony conviction, our jurisdiction is limited to questions of law. See 8 U.S.C. §§ 1252(a)(2)(C), 1252(a)(2)(D). Whether Rudolfo's offense was an aggravated felony is a question of law. See Larin-Ulloa v. Gonzales, 462 F.3d 456, 460-61 (5th Cir. 2006). On the other hand, our court "lack[s] jurisdiction to review issues of fact pertaining to the discretionary decisions of the BIA", including, inter alia, that Rodulfo: was convicted of the offense; and was sentenced to one year of imprisonment, with 11 months suspended. Andrade v. Gonzales, 459 F.3d 538, 542 (5th Cir. 2006), cert. denied, 549 U.S. 1132 (2007). See also 8 U.S.C. §§ 1252(a)(2)(C), 1252(a)(2)(D).

Whether Rudolfo's offense was an aggravated felony is significant because "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable". See 8 U.S.C. § 1227(a)(2)(A)(iii). Rudolfo's offense is an aggravated felony if it is a "theft offense" for which a sentence of at least one year was imposed. 8 U.S.C. § 1101(a)(43)(G).

We first consider, therefore, whether Rudolfo's offense is a "theft offense". Our court has defined a theft offense, including receipt of stolen property, as "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent". Burke v. Mukasey, 509 F.3d 695, 697 (5th Cir. 2007) (citations omitted).

When determining whether a theft offense, including receipt of stolen property, qualifies as an aggravated felony, our court employs "a categorical approach in which we look at the statute under which the alien was convicted rather than at the particular underlying facts". Omari v. Gonzales, 419 F.3d 303, 307 (5th Cir. 2005). "If the statute of conviction defines multiple offenses, at least one of which does not describe an aggravated felony", a "modified categorical approach" is used to determine whether the conviction is an aggravated felony. Larin-Ulloa, 462 F.3d at 464 (citing Shepard v. United States, 544 U.S. 13, 20-21, 26 (2005)).

The modified categorical approach permits examination of the conviction record to determine which of a divisible statute's multiple offenses was the basis for the conviction. Omari, 419 F.3d at 308. Examination of the conviction record, for guilty-plea convictions, "may include consideration of the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented'". Id. (quoting Shepard, 544 U.S. at 16).

Rodulfo's guilty plea and sentence are referenced in a document entitled "Tender of Plea or Admission & Waiver of Right". Rodulfo submitted a certified copy of this document to the BIA; he does not claim his own copy of this document is defective in any way; and Immigration and Customs Enforcement's copies of this document, as well as the docket sheet reflecting the revocation of parole and the criminal complaint, were all verified by a state-court assistant clerk. The "Tender of Plea" document has been sufficiently verified for the purpose of proving Rodulfo's conviction. See 8 C.F.R. § 1003.41(c).

Moreover, under Massachusetts law, the criminal complaint may serve as a charging instrument. See, e.g., United States v. Estevez, 419 F.3d 77, 82 (1st Cir. 2005) (upholding district court's use of a criminal complaint pursuant to Shepard). A defendant in Massachusetts who does not agree with the State on the disposition of his case may enter a guilty plea, along with a request for a

particular disposition. MASS. GEN. LAWS ANN. ch. 278 § 18. Under Massachusetts law, therefore, the criminal complaint may be used to prove Rodulfo's conviction to the extent that it sets out the charges against him; and the "Tender of Plea" document may be used to prove his conviction, as it indicates Rodulfo pleaded guilty to the charge alleged in the complaint and was sentenced to one year of imprisonment, with 11 months suspended. See Shepard, 544 U.S. at 16; Omari, 419 F.3d at 308.

Rodulfo's criminal complaint states he was charged with "Motor Veh. Receive Stolen c266 § 28(a)", and alleges that he "did buy, receive, possess, conceal or obtain control of a motor vehicle or trailer . . . knowing or having reason to know the same had been stolen". Massachusetts' relevant vehicle-theft statute provides:

> Whoever steals a motor vehicle or trailer, whoever maliciously damages a motor vehicle or trailer, whoever buys, receives, possesses, conceals, or obtains control of a motor vehicle or trailer, knowing or having reason to know the same to have been stolen, or whoever takes a motor vehicle without the authority of the owner and steals from it any of its parts or accessories, shall be punished by imprisonment in the state prison for not more than fifteen years or by imprisonment in a jail or house of correction for not more than two and one-half years or by a fine of not more than fifteen thousand dollars, or by both such fine and imprisonment.

MASS. GEN. LAWS ANN. ch. 266 § 28(a). Not all violations of this statute constitute theft offenses. Accordingly, analysis under the modified categorical approach is appropriate. See Larin-Ulloa, 462 F.3d at 464.

Despite the absence of any statutory language requiring an intent to deprive the owner of a stolen vehicle, Massachusetts courts have read such a requirement into the statute. See Commonwealth v. Darnell D., 840 N.E.2d 33, 36 (Mass. 2005). Moreover, a defendant must know or believe that a vehicle has been stolen, despite the "having reason to know" language of the statute. See Commonwealth v. Dellamano, 469 N.E.2d 1254, 1259 (Mass. 1984). Because our court's definition of a theft offense, including receipt of stolen property, includes,

inter alia, the "the criminal intent to deprive the owner", the Massachusetts statute at issue, requiring a knowing intent to deprive, satisfies our definition of a theft offense. See Burke, 509 F.3d at 697; MASS. GEN. LAWS ANN. ch. 266 § 28(a).

Having determined that Rudolfo's receipt-of-a-stolen-vehicle offense is a "theft offense", and accepting the BIA's factual determinations pursuant to 8 U.S.C. § 1252(a)(2)(C), we next consider whether Rudolfo's offense resulted in a sentence of at least one year. See 8 U.S.C. § 1101(a)(43)(G).

Rudolfo essentially contends his 11-month suspended sentence should not be counted. A term of imprisonment that is suspended, however, counts as a term of imprisonment for determining whether an offense constitutes an aggravated felony. 8 U.S.C. § 1101(a)(48)(B); United States v. Landeros-Arreola, 260 F.3d 407, 410 (5th Cir. 2001).

Therefore, Rudolfo's receipt-of-a-stolen-vehicle offense is a theft offense for which a sentence of at least one year was imposed. Accordingly, he has not shown that the BIA erred by concluding: he committed an aggravated felony; and he is removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).

PETITION DENIED.