# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 29, 2010

Lyle W. Cayce
Clerk

No. 09-50682
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR SERGIO MILLER-ORTIZ, also known as Cesar Ortiz-Sonora,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1073-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cesar Sergio Miller-Ortiz (Miller) appeals the sentence imposed upon his guilty-plea conviction for illegal reentry. *See* 8 U.S.C. § 1326. In calculating Miller's guideline range of imprisonment, the district court applied an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) based on Miller's prior Nebraska conviction for theft by receiving stolen property. Section 2L1.2(b)(1)(C) provides that the offense level for unlawfully entering the United States should be increased by eight levels if the defendant was previously

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removed subsequent to an aggravated felony conviction. The definition of "aggravated felony" includes "a theft offense (including receipt of stolen property). 8 U.S.C. § 1101(a)(43)(G); § 2L1.2, comment. (n.3).

Miller argues (1) that the district court erred in assessing the eight-level enhancement pursuant to § 2L1.2(b)(1)(C) because it did not have sufficient information before it from which to ascertain the elements of the Nebraska offense and (2) that the Nebraska statute of conviction criminalizes different methods of committing theft, including methods that cannot form the basis for a sentencing enhancement under § 2L1.2(b)(1)(C). He argues that his prior Nebraska conviction warranted only a four-level increase in his offense level because it qualifies as a felony but not as an aggravated felony.

As Miller concedes, any error resulting from the enhancement is subject to plain error review because he did not object to the enhancement in the district court. FED.R.CRIM.P. 52(b); *United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005). Plain error review involves the following four prongs: First, there must be an error or defect that has not been affirmatively waived by the defendant. Second, the error must be clear or obvious, i.e., not subject to reasonable dispute. Third, the error must have affected the defendant's substantial rights. Fourth, if the above three prongs are satisfied, this court has the discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (internal quotation marks and citation omitted).

Miller's first argument is factually incorrect. As Miller acknowledges, the district court had before it a copy of the Nebraska judgment of conviction. It was appropriate for the district court to consider and rely upon this state court document in determining the applicability of the enhancement under § 2L1.2(b)(1)(C). *See Taylor v. United States*, 495 U.S. 575, 602 (1990); *Shepard v. United States*, 544 U.S. 13, 16 (2005).

No. 09-50682

Miller acknowledges in his appeal brief that the Nebraska statute of conviction was NEB. REV. STAT. § 28-517 (2008). Nebraska's definition of theft by receiving stolen property is almost identical to the definition in the Model Penal Code § 223.6(1). *See United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006). Nebraska's definition also falls within the generic, contemporary definition of "a theft offense." § 1101(a)(43)(G); *see Burke v. Mukasey*, 509 F.3d 695, 697 (5th Cir. 2007). Thus, the district court correctly determined that Miller's prior Nebraska conviction was for an "aggravated felony" within the meaning of § 2L1.2(b)(1)(C) and that the enhancement was proper. Miller has not shown that the district court erred in applying the eight level enhancement. *See Puckett*, 129 S. Ct. at 1429.

AFFIRMED.