# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2011

Lyle W. Cayce
Clerk

No. 10-60855

HECTOR ALEJANDRO RODRIGUEZ ZUNIGA,

Petitioner,

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
(A090 797 093)

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM[*]:

Hector Alejandro Rodriguez Zuniga, a lawful permanent resident, pleaded guilty to "theft and unlawful driving or taking of a vehicle" in violation of California Vehicle Code § 10851(a).[1] Holding that a violation of section 10851(a)

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1] That statute provides, "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense and, upon conviction thereof, shall be punished by imprisonment in a county jail for not more than one year or in the state prison or by a fine of not more than five thousand dollars ($5,000), or

is an aggravated felony theft offense that rendered him deportable under 8 U.S.C. § 1227(a)(2)(A)(iii), the immigration judge ordered Zuniga removed to Mexico.  We AFFIRM.

I.

Zuniga pleaded guilty to count four of the California state court felony complaint against him, which alleged that he:

> committed a violation of Vehicle Code section 10851, subdivision (a), a Felony, in that on or about November 9, 2001, in the County of Riverside, State of California, he did willfully and unlawfully drive or take a certain vehicle, to wit, a 1980 TOYOTA COROLLA, LICENSE NO 3TLR110, the property of another, without the consent of and with the intent to deprive the owner of title to and possession of said vehicle.

Zuniga was originally sentenced to 150 days in jail, as well as thirty-six months of probation; later, upon violating his probation, he was sentenced to an additional 240 days in jail, for a total of 390 days.

Based on his conviction, the Department of Homeland Security began removal proceedings against Zuniga, offering in support a certified copy of the felony complaint and the minute order.  The immigration judge (IJ) determined that Zuniga's conviction categorically qualified under 8 U.S.C. § 1227(a)(2)(A)(iii), which provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." "Aggravated felony" includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at least one year."[2]  8 U.S.C. § 1101(a)(43)(G).  Although Zuniga argued that he could have been convicted under the California statute as an accessory after the fact, which would not be a theft offense, the IJ found that the complaint did not include any allegations

---

by both the fine and imprisonment."  Cal. Veh. Code § 10851(a).

[2] Zuniga does not challenge on appeal the IJ's holding that he was imprisoned for at least one year.

to that effect and did not charge any co-defendants. The IJ held that clear-and-convincing evidence established that Zuniga had committed the aggravated felony of theft. As such, the IJ ordered Zuniga removed to Mexico.

Zuniga appealed the district court's order to the Board of Immigration Appeals (BIA), making two arguments. First, he argued that section 10851(a) does not categorically qualify as a theft offense because the language of the California statute could extend criminal liability to an accessory after the fact. Second, he argued that, under the modified categorical approach, the evidence is insufficient to prove that Zuniga was convicted of a theft offense and not as an accessory after the fact. The BIA affirmed and adopted the IJ's decision, noting that Zuniga's arguments were precluded by its precedent. Zuniga filed a timely petition for review, raising the same arguments before this court.

## II.

Although this court does not have jurisdiction to review the decision of the BIA if Zuniga's crime was an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), we do have jurisdiction "to determine our own jurisdiction, *i.e.*, to determine whether the conviction qualifies as an aggravated felony." *Omari v. Gonzales*, 419 F.3d 303, 306 (5th Cir. 2005). In determining whether a prior conviction falls within a provision of the Immigration and Nationality Act (INA), we "accord substantial deference to the BIA's interpretation of the INA" itself and definitions of phrases within it. *Smalley v. Ashcroft*, 354 F.3d 332, 335-36 (5th Cir. 2003). We review de novo whether the state statute under which Zuniga was convicted is an aggravated felony. *Omari*, 419 F.3d at 306.

## III.

The government first asks us to hold that section 10851(a) categorically falls within the generic definition of "theft offense." This court uses "the modern, generic, and broad definition of the entire phrase 'theft offense (including receipt of stolen property),'" which is "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights

and benefits of ownership, even if such deprivation is less than total or permanent." *Burke v. Mukasey*, 509 F.3d 695, 696-97 (5th Cir. 2007). According to the statute, "theft offense" also includes "receipt of stolen property." 8 U.S.C. § 1101(a)(43)(G). In deciding this issue, "we employ a categorical approach in which we look at the statute under which the alien was convicted rather than at the particular underlying facts." *Omari*, 419 F.3d at 307. "It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Zuniga must point to cases in which the state courts have in fact used section 10851(a) to convict an accessory after the fact. *Id.*

To succeed, Zuniga must demonstrate "something special about California's version of the doctrine—for example, that California in applying it criminalizes conduct that most other States would not consider 'theft.'" *Id.* at 191. Here, the statute by its own terms applies to "any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing." Cal. Veh. Code § 10851(a). The BIA has held that "the full range of the conduct described in section 10851(a) squarely places that conduct within the ambit of 'theft offense,' as that term is employed in section [1101(a)(43)(G)]." *In re V-Z-S-*, 22 I. & N. Dec. 1338, 1350 (BIA 2000). The Ninth Circuit, on the other hand, has held that a conviction under section 10851(a) could be broader than the generic theft offense. *United States v. Vidal*, 504 F.3d 1072, 1074-75 (9th Cir. 2007) (en banc). It held that the statute was therefore divisible, allowing conviction of a defendant as either a principal or an accessory after the fact. *Id.*

We need not decide whether section 10851(a) categorically qualifies as a theft offense, however, because even if it does, the record shows Zuniga was convicted of generic theft under the modified categorical approach. Under that approach, we examine the record of conviction to determine under which subsection of a divisible statute the defendant was actually convicted. *Nolos v.*

*Holder*, 611 F.3d 279, 285 (5th Cir. 2010). When a defendant pleaded guilty to the underlying offense, we may consider "the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Omari*, 419 F.3d at 308 (internal quotation marks omitted).

Here, we consider the felony complaint and the minute entry showing that Zuniga pleaded guilty to count four, that "he did willfully and unlawfully drive or take a certain vehicle, to wit, a 1980 TOYOTA COROLLA, LICENSE NO 3TLR110, the property of another, without the consent of and with the intent to deprive the owner of title to and possession of said vehicle," in violation of § 10851(a). There can be no reasonable dispute that those allegations meet the definition of a theft offense. *See Arteaga v. Mukasey*, 511 F.3d 940, 947-48 (9th Cir. 2007) ("[*Vidal*'s] holding is inapposite here, however, because unlike the facts in *Vidal*, and as the IJ noted here, the record of conviction in Arteaga's case conclusively establishes that Arteaga was convicted, under § 10851(a), of unlawfully taking a vehicle with the intent to either permanently or temporarily deprive the owner of possession-a theft offense."). The complaint does not include any accessory language, but instead narrows the statutory language to only the elements of generic theft. Moreover, Zuniga is the only charged defendant. As such, under the modified categorical approach, we hold that Zuniga pleaded guilty to generic theft.

## IV.

For the foregoing reasons, we conclude that the conviction record in this case makes clear that Rodriguez Zuniga pleaded guilty, and was convicted of, an aggravated felony theft offense, rendering him deportable. We do not reach the question whether a conviction under § 10851(a) is an aggravated felony as a categorical matter. We thus deny Rodriguez Zuniga's petition for review.