# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2012

No. 11-40656

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CESAR NOE MEDINA-TORRES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
(2:11-CR-142)

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cesar Noe Medina-Torres pleaded guilty to one count of being found knowingly and unlawfully present in the United States after deportation in violation of 8 U.S.C. §§ 1326(a) & (b). The United States District Court for the Southern District of Texas sentenced Medina-Torres to 30 months' imprisonment. Medina-Torres appeals his sentence, arguing that the district court erred when it found his prior Florida conviction for theft to be a generic "theft offense" and therefore an "aggravated felony" under § 2L1.2(b)(1)(C) of the

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

United States Sentencing Guidelines and enhanced his sentence accordingly. We hold that the Florida statute under which Medina-Torres was convicted, Florida Statute 812.014(1), encompasses conduct broader than that required for a generic theft offense, and that there is insufficient information to conclude that he had the requisite level of intent for the conviction to qualify as a generic "theft offense." Consequently, the prior conviction could not be used to enhance Medina-Torres' sentence based on a prior aggravated felony conviction. Thus, we VACATE Medina-Torres' sentence and REMAND to the district court for resentencing.

## I.

In January 2011, border patrol agents apprehended Cesar Noe Medina-Torres at a border checkpoint during an immigration inspection. Medina-Torres admitted to being a citizen of Mexico illegally present in the United States. Agents discovered that in 2007, Medina-Torres had been convicted for grand theft of a motor vehicle in Florida. Medina-Torres was removed from the United States in October of 2007 in accordance with an immigration judge's orders.

On March 23, 2011, Medina-Torres pleaded guilty pursuant to a plea agreement to one count of being found knowingly and unlawfully present in the United States after deportation in violation of 8 U.S.C. §§ 1326(a) & (b). Applying the United States Sentencing Guidelines ("the Guidelines" or "USSG") of November 2010, the presentence report ("PSR") assessed a base offense level of eight. *See* USSG § 2L1.2(a). Medina-Torres' offense level was then increased by an additional eight levels because he had previously been deported following an aggravated felony conviction. *See id.* § 2L1.2(b)(1)(C). The district court relied on Medina-Torres' 2007 Florida conviction of grand theft under Florida Statutes section 812.014(1), for which he was sentenced to incarceration for one

year and one day.[1] After a three-level reduction for acceptance of responsibility, he received a total offense level of 13. *See id.* §§ 3E1.1(a) and (b). Together with Medina-Torres' criminal history category of IV, this produced a Guidelines imprisonment range of 24 to 30 months. *See* USSG § 5A. The document under which Medina-Torres was convicted did not specify which subsection of the Florida theft statute he was charged with violating. During the sentencing hearing, the defendant told the district court that he was not aware of any mistakes in the PSR and did not object at that time to the eight-level enhancement for the alleged prior aggravated felony conviction. On May 27, 2011, the district court sentenced Medina-Torres to 30 months' imprisonment, three years of supervised release, and a $100 special assessment.

Medina-Torres timely appealed the sentence. He argues that the district court erred when it applied the eight-level aggravated felony enhancement under § 2L1.2(b)(1)(C) of the Guidelines based on his 2007 Florida conviction for grand theft of a motor vehicle.

## II.

We review the district court's interpretation and application of the federal Sentencing Guidelines de novo. *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005) (per curiam). Because Medina-Torres did not object below to the

---

[1] On appeal, the government asserts an alternative ground for the sentence enhancement. In 2004, Medina-Torres was arrested after a traffic stop and it was revealed that the vehicle he was driving contained illegal drugs and counterfeit currency in violation of Florida Statutes section 831.08. Medina-Torres pleaded guilty to the charge. A court sentenced him to six months' imprisonment followed by five years' probation. Medina-Torres violated the terms of his probation and as a result was sentenced to an additional 51 weeks' imprisonment. However, the government did not list this conviction as a grounds for enhancing his sentence in Medina-Torres' PSR, and the district court did not rely on it.

aggravated felony sentence enhancement, we review the district court's decision for plain error. *See id*. at 358.

## III.

"This court finds plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *Villegas*, 404 F.3d at 358-59 (citing, inter alia, *United States v. Olano*, 507 U.S. 725, 732-37 (1993)). When the foregoing elements are satisfied, we may exercise our discretion to remedy the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks, alterations, and citations omitted); *Villegas*, 404 F.3d at 358-59.

## A.

Medina-Torres argues that his eight-level aggravated felony sentencing enhancement was erroneous because Florida's theft statute categorically encompasses conduct broader than the generic theft offense, and because in his case, the state court records do not narrow his conviction to show that he was convicted under the portion of the statute that is a qualifying theft offense. We agree.

To determine whether a felony conviction qualifies as an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(G), we employ a categorical approach. *Martinez v. Mukasey*, 519 F.3d 532, 540 (5th Cir. 2008). Under the categorical approach, "we look at the statute under which [the defendant] was convicted rather than at the particular underlying facts to determine whether the offense falls within a particular definition of 'aggravated felony[.]'" *Id*. (internal quotation marks omitted) (quoting *Omari v. Gonzales*, 419 F.3d 303,

307 (5th Cir. 2005)).   Where "the statute of conviction contains a series of disjunctive elements," at least one of which may not  qualify as an aggravated felony, we employ a modified categorical approach to determine whether the particular crime for which the defendant was convicted constitutes an aggravated felony.  *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 297 (5th Cir. 2008) (internal quotation marks and citations omitted).   In conducting the modified categorical approach analysis, we are "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  *Shepard v. United States*, 544 U.S. 13, 16 (2005).

The term "aggravated felony" includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment  [is] at least one year[.]"  8 U.S.C. § 1101(a)(43)(G).[2]  The provision does not define "theft offense."   Under this Court's precedent, the "generic, contemporary meaning" of "theft offense" under § 1101(a)(43)(G) is "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent."   *Burke v. Mukasey*, 509 F.3d 695, 697 (5th Cir. 2007) (per curiam) (internal citations omitted); *see also, e.g., United States v. Dominguez-Ochoa*, 386 F.3d 639, 642-43 (5th Cir. 2004) (where the Sentencing Guidelines do not define an enumerated offense for enhancement purposes, courts must provide one "according to its 'generic, contemporary meaning'") (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)).  Put otherwise, this

---

[2] The term "aggravated felony" in section 2L1.2(b)(1)(C) of the Guidelines has the meaning given that term in 8 U.S.C. § 1101(a)(43).  USSG § 2L1.2 cmt. n.3(A).

generic definition requires "an intent to deprive the owner of the benefit proceeding from possession of the stolen goods." *Burke*, 509 F.3d at 697.

Medina-Torres' prior conviction was for theft under Florida Statutes section 812.014(1), which states in relevant part:

> A person commits theft if he or she knowingly obtains or uses . . . the property of another with intent to, either temporarily or permanently:
>
> (a)    Deprive the other person of a right to the property or a benefit from the property.
>
> (b)    Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Fla. Stat. § 812.014(1).   The information under which Medina-Torres was charged did not specify which subsection applied in this case.

A plain-text reading of section 812.014(1) does not reveal whether subsections (a) and (b) are to be read conjunctively or disjunctively—that is, whether the crime includes both elements or just one or the other.  If they are to be read disjunctively, then the statute encompasses conduct broader than our categorical definition of theft, which requires "an intent to deprive the owner of the benefit" of the stolen goods. *Burke*, 509 F.3d at 697.  Subsection (a) satisfies the "intent to deprive" element, but subsection (b) does not.   Merely "appropriating the property" to one's "own use" does not rise to the level of an "intent to deprive the owner of the benefit . . . of the stolen goods."

Applying substantially the same definition of "theft" as we do, the Eleventh Circuit determined that Florida Statutes section 8.12.014(1) does not qualify as a "theft offense" for purposes of the aggravated felony statute. *See Jaggernauth v. U.S. Attorney Gen.*, 432 F.3d 1346, 1353-54 (11th Cir. 2005).  The Eleventh Circuit observed that Florida courts treat section 812.014(1) as containing two separate crimes with different levels of intent. *Id.* at 1353.  The

Eleventh Circuit reasoned that although the appropriation of property under subsection (b) would involve a taking or exercise of control over property, it "would not necessarily entail that the property owner be deprived [of] his or her rights to the property's use or benefits." *Id.* at 1354. Therefore, it concluded that a violation of subsection (b) lacks the intent required to constitute an aggravated felony for purposes of § 1101(a)(43)(G). *Id.* at 1355.

The court explained, "Florida courts . . . have consistently interpreted the section in the disjunctive, to articulate two distinct levels of intent." *Id.* at 1353. The court cited as an example *T.L.M. v. State*, 755 So. 2d 749, 751 (Fla. Dist. Ct. App. 2000), in which the court stated that "[s]ection 812.014 requires a finding of specific criminal intent to *either* (a) 'deprive' the other person of a right to the property or a benefit therefrom *or* (b) 'appropriate' the property to his own use or to the use of any person not entitled thereto." *Id.* at 751 (emphasis added); *see Jaggernauth*, 432 F.3d at 1353-54 (same). Other Florida courts likewise have interpreted the elements of section 812.014 disjunctively. *See Canady v. State*, 813 So. 2d 161, 161 (Fla. Dist. Ct. App. 2002) ("The evidence was insufficient to prove [the defendant's] criminal intent to deprive another person of property, *or* to appropriate the property, as required under section 812.014[.]") (emphasis added); *Allen v. State*, 690 So. 2d 1332, 1333-34 (Fla. Dist. Ct. App. 1997) ("The evidence . . . was sufficient to allow the jury to find the appellant guilty of grand theft because he knowingly used the property of another with intent to *either* temporarily or permanently deprive the owner of a right to his property *or* to appropriate the property to his own use in violation of sections 812.014(1) and 812.014(2)(c)[.]") (emphasis added); *see also Jaggernauth*, 432 F.3d at 1353-54 (collecting cases).

7

The Eleventh Circuit concluded that because the elements of section 812.014(1) were disjunctive, a conviction under the statute could not categorically qualify as a "theft offense." *Jaggernauth*, 432 F.3d at 1354. The court reasoned that if it were to conclude that a conviction under either subsection (a) or (b) qualified as an "intent to deprive another person of a right to the property," it would "make subpart (b) superfluous, thereby violating the well-established rule of statutory construction that courts must give effect, if possible, to every clause and every word of a statute." *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (holding that a statute with two disjunctive clauses must be read in a way that gives independent meaning to both clauses)). Finally, citing Black's Law Dictionary, the court noted that a contrary conclusion "would ignore the plain meaning of 'appropriation,' which is defined as the 'exercise of control over property; a taking of possession,' and which would not necessarily entail that the property owner be deprived [of] his or her rights to the property's use or benefits." *Id.* (citation omitted).

We adopted the Eleventh Circuit's analysis in an unpublished opinion, *United States v. Figueroa-Estrada*, 416 F. App'x 377 (5th Cir. 2011). That case examined the same issue we face here, whether a conviction under § 812.014(1) qualifies as an aggravated felony for purposes of USSG sections 2L1.2(b)(1)(C) and 1101(a)(43)(G). *See id.* at 380-83. We agreed with the Eleventh Circuit, concluding that § 812.014(1) was divisible, and that only subsection (a) required the intent to deprive the owner of the rights and benefits of his property to qualify as a "generic theft offense." *Id.* at 382.

We agreed "that the two subsections of [Florida's theft statute] are disjunctive, articulating two distinct levels of intent." *Id.* at 381 (quoting *Jaggernauth*, 432 F.3d at 1353-54). "Only subsection (a) of section 812.014(1)

8

requires an intent to deprive [the] owner; subsection (b) 'instead appears to address all acts of appropriation,' some of which may not necessarily require intent to deprive the owner of the rights and benefits of the property." *Id.* at 382 (quoting *Almeida v. Holder*, 588 F.3d 778, 789 (2d Cir. 2009) (contrasting one state's theft statute with Florida Statutes section 812.014(1) and noting that the Florida law is distinguishable from a theft offense because it can apply if the defendant interferes with "any of the 'sticks in the bundle of rights' characterized as property)). A prior conviction under section 812.014(1) that failed to specify the relevant subsection, therefore, could not qualify as a theft offense under § 1101(a)(43)(G). *Id.* Because the state court records did not specify whether the defendant was convicted under subsection (a) or (b), we concluded that the conviction did not qualify as a generic theft offense and overturned the sentencing enhancement. *Id.* at 382-83. We find our holding in *Figueroa-Estrada* persuasive and conclude that Medina-Torres's conviction under the Florida statute, without any means of narrowing the conviction to focus upon a specific subsection of the statute, does not qualify as the enumerated offense of "theft" under the aggravated offense definition.

Because we cannot conclude under the categorical approach that a conviction under Florida Statutes, section 812.014(1) qualifies as a generic theft offense, we turn to the modified categorical approach to determine whether, under the *Shepard* documents, we can ascertain the subsection under which Medina-Torres was charged. *See Shepard*, 544 U.S. at 16 (holding courts may look to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"); *see also Gonzalez-Terrazas*, 529 F.3d at 297 (modified categorical approach).

The modified categorical approach fails to establish that the aggravated felony enhancement was appropriate in Medina-Torres' case. The government argues that the documents under which Medina-Torres was convicted narrow his conviction to subsection (a) and thus reveal that his conviction constitutes a "theft offense." The information, however, merely tracks the language of the statute and does not disclose which subsection applies. Medina-Torres' PSR similarly fails to provide the subsection under which he was convicted. The PSR states that Medina-Torres was pulled over and discovered to be driving a van that belonged to another without permission. These details do not reveal under which subsection of the Florida theft statute Medina-Torres was convicted. The evidence in the record is insufficient to conduct an effective modified categorical analysis; we cannot conclude that the facts of Medina-Torres' conviction place his behavior within the bounds of a generic theft offense.

Therefore, we hold that the district court erred in applying the eight-level sentence enhancement for a prior conviction for an aggravated felony.

**B.**

Having held that the district court erred in finding that Medina-Torres' prior conviction was an aggravated felony, we now consider whether that error is reversible because it was "clear and obvious." We hold that it is. At the time the district court considered Medina-Torres' enhancement, the courts' holdings in *Jaggernauth*, 432 F.3d at 1353-54, and *Figueroa-Estrada*, 416 F. App'x at 380-83, had been decided, and no case to the contrary had been decided.

The government argues that the district court's error was not clear or obvious because *Jaggernauth* and *Figueroa-Estrada* are nonbinding and distinguishable. However, it is not always necessary that a rule of decision be announced in a prior published decision in order for this Court to find it

persuasive in reaching a decision.  That a decision is persuasive authority does not affect its utility in establishing an error as plain or obvious.  Plain error review focuses on "whether the severity of the error's harm demands reversal, and not whether the district court's action deserves rebuke."  *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc) (internal quotation marks, citations, and alterations omitted).  "The plain error rule is protective; it recognizes that in a criminal case, where a defendant's substantial personal rights are at stake, the rule of forfeiture should bend slightly if necessary to prevent a grave injustice."  *Id.* (internal quotation marks, citations, and footnote omitted).

Likewise, we disagree with the government's argument that, because *Jaggernauth* and *Figueroa-Estrada* were not plain error cases, they cannot be persuasive authority here.  *See Jaggernauth*, 432 F.3d at 1352-53 (applying clear and convincing evidence standard); *Figueroa-Estrada*, 416 F. App'x at 380 (noting the defendant adequately preserved the error).  Our interpretation of the substantive Florida crime definition is based not merely on those cases but also on well-settled principles of many other cases applying the categorical approach. Whether the defendant's conviction under the Florida statute is an enumerated aggravated felony is a different question from whether the district court's sentencing error was plain error.

Accordingly, we find that the district court's error was clear and obvious.

## C.

Finally, we address whether the district court's error affected the defendant's substantial rights.  *Villegas*, 404 F.3d at 358.  "A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have

received a lesser sentence." *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011) (per curiam). "Our precedent is clear that absent additional evidence, a defendant has shown a reasonable probability that he would have received a lesser sentence when (1) the district court mistakenly calculates the wrong Guidelines range, (2) the incorrect range is significantly higher than the true Guidelines range, and (3) the defendant is sentenced within the incorrect range." *Id.* Indeed, where the incorrectly applied sentencing range is greater than and does not overlap with the correct range, "the district court's error necessarily . . . affect[s] [the defendant's] substantial rights." *Villegas*, 404 F.3d at 364; *see also, e.g.*, *United States v. Franks*, 46 F.3d 402, 405 (5th Cir. 1995) (per curiam) ("Because Franks erroneously and mistakenly received a substantially longer sentence under the guidelines than he should have received, the fairness and integrity of the judicial proceeding was seriously affected.").

Medina-Torres has shown that the district court incorrectly enhanced his sentence by eight levels for a prior aggravated felony, resulting in a Guidelines range of 24-30 months and a sentence of 30 months. Without the erroneous eight-level enhancement, Medina-Torres would have only received a four-level enhancement for a prior, nonaggravated felony conviction for which the Guidelines range would have been 15-21 months. *See* USSG §§ 2L1.2(a) & (b)(1)(D), 3E1.1 & 5A. This is between 9 and 15 months less than the 30-month sentence actually imposed, and the two Guidelines ranges do not overlap. Medina-Torres has shown that the district court's error affected his substantial rights.

The government argues that even if the district court committed a clear and obvious error, such error did not affect Medina-Torres' substantial rights because his sentence could have been enhanced on the alternative grounds of his 2004 forgery conviction. In 2004, Medina-Torres was convicted for possession

of forged notes or bills and sentenced to six months' imprisonment and five years' probation. When Medina-Torres was found in violation of the terms of his probation, he was sentenced to an additional 51 weeks' imprisonment. The government now contends for the first time on appeal that the two periods of imprisonment resulting from the forgery charge should be aggregated to satisfy the one-year imprisonment requirement. The government acknowledges that Medina-Torres received no single sentence of at least one year for this offense, but argues that we should consider Medina-Torres' aggregate sentence—the original six-month term plus the 51 weeks he received upon revocation of his probation. This alternate conviction was not listed on the PSR as a grounds for enhancement. Nevertheless, the government argues the conviction would qualify as an "aggravated felony" permitting an eight-level enhancement.

We decline to address this argument for the first time on appeal. "The Government failed to raise this argument" before the district court. *United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011). The district court has not passed on this issue and it was not asserted as grounds for an enhancement in the PSR. "Generally, we 'will not consider for the first time on appeal an argument not presented to the district court.' Thus, the Government has waived this argument." *Id.* (citations omitted).

We are confident that failure to exercise our discretion to reverse in this case would cause a "miscarriage of justice." *Escalante-Reyes*, 689 F.3d at 425. The error "seriously affect[ed] the fairness, integrity, [and] public reputation of judicial proceedings[.]" *Puckett*, 556 U.S. at 135 (quotation marks and citations omitted). Accordingly, we exercise our discretion to correct the district court's error.

**IV.**

For the foregoing reasons, we VACATE Medina-Torres' sentence and REMAND to the district court for resentencing.

No. 11-40656

JERRY E. SMITH, Circuit Judge, dissenting.

The majority unfairly accuses United States District Judge Janis Graham Jack of committing what the majority calls a "grave injustice" (quoting *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc)). Medina-Torres, having failed to object, flunks at least the second, third, and fourth prongs of the plain-error test. Because there is neither plain error nor injustice, I respectfully dissent and would affirm the sentence.

Deciding whether there was error at all requires a fine parsing of the statute to see whether the subparts are set forth conjunctively or disjunctively. The majority admits that "[a] plain-text reading of section 812.014(1) does not reveal whether subsections (a) and (b) are to be read conjunctively or disjunctively." The majority then takes several pages to decide that close question, which it contradictorily describes as yielding a "plain" or "clear and obvious" answer. The best that the majority can present in support from this circuit is an opinion that is unpublished and hence not precedent.

As for the third prong, a sentence longer by only a few months does not necessarily affect substantial rights. *See United States v. John*, 597 F.3d 263, 291 (5th Cir. 2010) (Smith, J., dissenting). And it is well established in this circuit that not every sentence that is higher because of plain error satisfies the "substantial rights" hurdle. *United States v. Ellis*, 564 F.3d 370, 378-79 (5th Cir. 2009).

As for the fourth prong, there is no injustice here, because Medina-Torres's sentence could have been enhanced on the alternative ground of his 2004 forgery conviction. There is nothing in this record that impugns—much less seriously

15

No. 11-40656

affects—the fairness or integrity of judicial proceedings. Nor is integrity undermined by a sentence that resulted from the defendant's failure to object on a technical point that requires, for its resolution, a careful grammatical examination of a statute, where calling the matter to the district court's attention would have resulted in a prompt and fair resolution of the question.

This court is much too prone to disregard the careful work of our district judges in a rush to overturn unobjected-to sentences. *See Escalante-Reyes*, 689 F.3d at 431-41 (5th Cir. 2012) (Smith, J., dissenting). "The majority perpetuates this court's unseemly habit of being far more permissive on plain-error review that the Supreme Court and common sense allow." *United States v. Hernandez*, 690 F.3d 613, 623 (5th Cir. 2012) (internal quotation marks and citation omitted). (Smith, J., dissenting). I respectfully dissent.