SOUTHWICK, Circuit Judge,
concurring.
While I agree with the result that the court reaches, I believe, respectfully, that a further explanation is necessary.
In determining the generic, contemporary meaning of an offense, the Supreme Court has suggested courts should consider the Model Penal Code, state codes, and a treatise. Taylor v. United States, 495 U.S. 575, 593, 598 & n. 8, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). For the generic description of theft crimes, the Seventh *439 Circuit used the broad definition in the Model Penal Code, which combines eight different traditional offenses including the use of deception:
(1) theft by unlawful taking or disposition; (2) theft by deception; (3) theft by extortion; (4) theft of property lost, mislaid, or delivered by mistake; (5) receiving stolen property; (6) theft of services; (7) theft by failure to make required disposition of funds received; and (8) unauthorized use of automobiles and other vehicles.
Hemandez-Mancilla v. I.N.S., 246 F.3d 1002, 1009 (7th Cir.2001) (summarizing Model Penal Code §§ 223.2-223.9.). Specifically, the Model Penal Code provides that “[a] person is guilty of theft if he purposely obtains property of another by deception.” Model Penal Code § 223.3. The Seventh Circuit also employed Black’s Law Dictionary, which includes in its definition of theft the “[ojbtaining by deception control over property....” See Hernandez-Mancilla, 246 F.3d at 1007 (quoting Black’s Law Dictionary 1477 (6th ed.1990)).
In 2007, we relied on the Seventh Circuit’s Hernandez opinion when we stated the broad definition quoted in the majority’s opinion, namely, that the generic offense of theft is the “taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent.” Burke v. Mukasey, 509 F.3d 695, 697 (5th Cir.2007) (quoting Hernandez-Mancilla, 246 F.3d at 1009).
I do not see in our language just quoted from Burke the precise answer to the question of whether theft by deception is included within the contemporary, generic meaning of theft. The majority, likely clearer-eyed, does. I find it necessary to return to the analysis in the Seventh Circuit’s opinion to show that theft by deception is encompassed within the generic definition of theft.
For these reasons, I agree with the majority that we must reject Rodriguez-Salazar’s argument that his conviction under the Texas Penal Code Section 31.03(a) does not qualify as an aggravated felony.