# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2011

No. 10-40067

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff–Appellee

v.

ANDRES FIGUEROA–ESTRADA

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-1138-1

Before KING, DEMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Andres Figueroa–Estrada pleaded guilty to illegally reentering the United States following deportation. At sentencing, the district court concluded that Figueroa–Estrada had previously been convicted of an aggravated felony, and applied an 8-level increase to his base offense level. Figueroa–Estrada asserts that his prior conviction for felony petit theft under Florida law did not qualify as an aggravated felony. We vacate the district court's sentence and remand for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40067

## I.  FACTS AND PROCEDURAL BACKGROUND

On July 1, 2009, Figueroa–Estrada was removed from the United States after serving a five-year sentence in a Florida state prison for felony petit theft. On July 21, 2009, he reentered the United States and was apprehended by immigration officials in Texas.   Figueroa–Estrada pleaded guilty to illegal reentry subsequent to deportation in violation of 8 U.S.C. § 1326(a) and (b). Section 1326(a) provides in pertinent part that

> any alien who . . . has been . . . deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter . . . enters, attempts to enter, or is at any time found in the United States . . . shall be fined under Title 18, or imprisoned not more than 2 years, or both.

Under 18 U.S.C. § 1326(b)(2), any alien who has illegally reentered the United States, "whose removal was subsequent to a conviction for commission of an aggravated felony, . . . shall be fined under such title, imprisoned not more than 20 years, or both."

The Presentence Report (PSR) assigned Figueroa-Estrada a base offense level of 8 under section 2L1.2(a) of the Sentencing Guidelines for the offense of illegal reentry.  The PSR concluded that Figueroa–Estrada should also receive an 8-level sentence enhancement under Guidelines section 2L1.2(b)(1)(C) because he had reentered the United States after being convicted of an aggravated felony.  The PSR also assigned a 2-level reduction under Guidelines section 3E1.1(a) for acceptance of responsibility and recommended a total offense level of 14.

At the sentencing hearing, the district court granted the government's motion for an additional 1-level decrease under Guidelines section 3E1.1(b) for acceptance of responsibility and a 2-level downward departure under Guidelines section 5K3.1 for early disposition.  Figueroa–Estrada's total offense level of 11 and criminal history category of V yielded an advisory guidelines range of

No. 10-40067

twenty-four to thirty months in prison. Overruling Figueroa–Estrada's objection to the 8-level sentence enhancement, the district court sentenced him to twenty-four months in prison, followed by a two-year term of supervised release.

## II. DISCUSSION

On appeal, Figueroa–Estrada argues that the district court erred in treating his 2005 Florida conviction for felony petit theft as an aggravated felony conviction and applying the 8-level sentence enhancement under Guidelines section 2L1.2(b)(1)(C). He argues that Florida's theft statute encompasses conduct broader than the generic offense of theft, and therefore, does not categorically qualify as an aggravated felony. Figueroa–Estrada contends that his Florida conviction warrants only a 4-level enhancement under section 2L1.2(b)(1)(D) because his conviction qualifies as a felony, but not an aggravated felony. He avers that his proper guidelines imprisonment range is therefore fifteen to twenty-one months, rather than twenty-four to thirty months.

### A.   Standard of Review

We review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Ocana*, 204 F.3d 585, 588 (5th Cir. 2000). However, the government avers that we may review for plain error only because Figueroa–Estrada did not properly object to the sentence enhancement before the district court. Where the defendant fails to adequately object to the PSR or to the district court's sentence, or objects on grounds different from those raised on appeal, we review for plain error only. *Id.*; *United States v. Medina–Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003).

To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide the district court an opportunity for correction. *See Ocana*, 204 F.3d at 589. Although Figueroa–Estrada did not specifically assert in the district court that the definition of theft in the Florida statute of conviction was broader than the

3

generic definition of theft, he did file a written objection to the PSR challenging the characterization of his felony petit theft conviction as an aggravated felony and renewed his objection to the 8-level sentence enhancement during his sentencing hearing. Thus, he sufficiently raised the issue before the district court. *Medina–Anicacio,* 325 F.3d at 642 (defendant's written objection to the PSR that his conviction was "not an aggravated felony" sufficiently preserved the issue for appeal).

## B.    "Aggravated Felony"

Section 2L1.2(b)(1)(C) of the Sentencing Guidelines provides for an 8-level increase to the base offense level of a defendant who "previously was deported, or unlawfully remained in the United States, after . . . a conviction for an aggravated felony." U.S. SENTENCING GUIDELINES MANUAL (USSG) § 2L1.2(b)(1)(C). An "aggravated felony" for purposes of the enhancement encompasses a number of offenses, including "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G); *see also* USSG § 2L1.2 cmt. n.3 (" 'aggravated felony' has the meaning given that term in . . . 8 U.S.C. § 1101(a)(43)"). At issue here is whether the Florida petit theft conviction qualifies as a "theft offense" so as to trigger the 8-level sentence enhancement.

Because "theft" is not defined in § 1101(a)(43), we look to the "generic, contemporary meaning of the . . . offense." *United States v. Fierro–Reyna*, 466 F.3d 324, 327 (5th Cir. 2006). We then look to the elements of the statute of conviction, rather than to the facts underlying the conviction, and determine whether the statute necessarily fits within the definition of the generic offense. *United States v. Garza–Lopez*, 410 F.3d 268, 273 (5th Cir. 2005) (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). However, if the statute of conviction defines multiple offenses, at least one of which does not describe an aggravated felony, "we may also examine certain additional documents (if contained in the

record [of] conviction) to determine whether the conviction was 'necessarily' for a particular crime defined by the statute that meets the aggravated felony criterion." *Larin–Ulloa v. Gonzales*, 462 F.3d 456, 464 (5th Cir. 2006). Where the defendant has pleaded guilty to the prior offense, "examination of the record of conviction for this purpose may include consideration of the 'charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.' " *Omari v. Gonzales*, 419 F.3d 303, 308 (5th Cir. 2005) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

This court defines the term "theft offense" under § 1101(a)(43)(G) to mean "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Burke v. Mukasey*, 509 F.3d 695, 697 (5th Cir. 2007) (per curiam) (citation omitted). Figueroa–Estrada was convicted under the Florida theft statute, which provides that:

> (1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
>
>> (a) Deprive the other person of a right to the property or a benefit from the property.
>>
>> (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Fla. Stat. § 812.014 (2004). Section 812.014(3)(c) further provides that "[a] person who commits petit theft and who has previously been convicted two or more times of any theft commits a felony of the third degree."

We have not previously considered whether a conviction under section 812.014(1) qualifies as an aggravated felony for sentencing enhancement purposes. The Eleventh Circuit, in *Jaggernauth v. U.S. Attorney General*, 432 F.3d 1346 (11th Cir. 2005), addressed the issue in an appeal from removal

proceedings before the Board of Immigration Appeals (BIA). The court in *Jaggernauth* concluded that section 812.014(1) is divisible—"that is, it contains some offenses that are aggravated felonies and others that are not." 432 F.3d at 1354. Consistent with Florida courts' interpretation of section 812.014(1), the Eleventh Circuit held that the two subsections of the statute are disjunctive, articulating two distinct levels of intent. *Id.* at 1353–54; *see also T.L.M. v. State*, 755 So. 2d 749, 751 (Fla. Dist. Ct. App. 2000) ("Section 812.014 requires a finding of specific criminal intent to *either* (a) 'deprive' the other person of a right to the property or a benefit therefrom *or* (b) 'appropriate' the property to his own use or to the use of any person not entitled thereto.") (emphases added).

The court determined that subsection (b) of the statute involves "the exercise of control over property," but "would not necessarily entail that the property owner be deprived his or her rights to the property's use or benefits." *Jaggernauth*, 432 F.3d at 1354. Accordingly, that portion of the statute did not fit into the generic definition of "theft offense," which the BIA defined as the taking of property with the "criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent."[1] *Id.* at 1353. Therefore, the court held that "if Jaggernauth was convicted under subpart (b), which requires only an intent to 'appropriate use' of the property, her offense would not necessarily constitute a 'theft' under the BIA's definition, because she lacked the requisite intent to deprive the owner of the rights and benefits of ownership." *Id.* at 1355.

The Second Circuit has similarly noted that the "appropriation provision" of section 812.014(1) "contains no language that would limit its reach to acts

---

[1] The BIA's definition of theft in *Jaggernauth* is similar to the generic definition adopted by this and other circuits. *See Jaggernauth*, 432 F.3d at 1353; *Almeida v. Holder*, 588 F.3d 778, 785 (2d Cir. 2009) (noting that the Fifth Circuit's generic definition of theft as defined in *Burke* is similar to the BIA's definition).

No. 10-40067

necessarily depriving a property owner of constructive, if not actual, possession, but instead appears to address all acts of appropriation." *Almeida v. Holder*, 588 F.3d 778, 789 (2d Cir. 2009) (concluding that, unlike the Florida statute, each provision of Connecticut's theft statute "requires proof of a generic intent to deprive a person of some rights and benefits of property" and thus qualifies as a "theft offense" under § 1101(a)(43)(G)).

We agree that the statute at issue here is divisible. As the government points out, this circuit's generic definition of theft encompasses the "exercise of control over property," which includes the appropriation of the use of property as under section (b) of the Florida statute. *See Black's Law Dictionary* 117 (9th ed. 2009) (defining "appropriation" as "[t]he exercise of control over property; a taking of possession"). But there must also be "an *intent to deprive the owner of the benefit proceeding from possession of the stolen goods*." *Burke*, 509 F.3d at 697 (emphasis added). Other circuits that share our generic definition of theft have stated that "[w]hat is critical in the generic definition is the criminal intent to deprive the owner." *Nevarez–Martinez v. I.N.S.*, 326 F.3d 1053, 1055 (9th Cir. 2003) (finding Arizona's theft of transportation statute divisible because sections of the statute do not require intent to deprive the owner). Only subsection (a) of section 812.014(1) requires an intent to deprive to owner; subsection (b) "instead appears to address all acts of appropriation," some of which may not necessarily require intent to deprive the owner of the rights and benefits of the property. *See Almeida*, 588 F.3d at 789.

Because it cannot be said that each provision of the statute categorically qualifies as a theft offense under § 1101(a)(43)(G), we look to the record of conviction to determine whether Figueroa–Estrada's plea to the predicate offense "necessarily admitted" the elements of the generic theft offense, including the requisite intent to deprive the owner of the rights and benefits of ownership. *See United States v. Morales–Martinez*, 496 F.3d 356, 360 (5th Cir.

No. 10-40067

2007) (quoting *Shepard*, 544 U.S. at 16).  To support the sentence enhancement, the government bears the burden of proving by a preponderance of the evidence that the prior conviction was an aggravated felony.  *United States v. Herrera–Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997).

Figueroa–Estrada was charged with third degree felony petit theft by a one-count information alleging that he

> did knowingly obtain or use, or endeavor to obtain or use merchandise which was the property of WAL-MART STORES, INC. #1245, with intent to permanently or temporarily deprive WAL-MART STORES, INC. #1245 of the property or benefit therefrom or to appropriate the property to the use of ANDRES FIGERO ESTRADA or to the use of any person not entitled thereto, the said ANDRES FIGERO ESTRADA having previously been convicted of theft two or more times . . . contrary to Florida Statute 812.014.

The information merely tracks the language of the statute and alternatively charges him under both the "intent to deprive" and the "intent to appropriate" provisions.  The judgment from his prior conviction indicates only that he pleaded nolo contendere to felony petit theft under section 812.014; it does not specify which provision was implicated.  Thus, this evidence does not support a conclusion that Figueroa–Estrada necessarily admitted that he took the property with the intent to deprive the owner of the property, as required to establish that the conviction qualifies as a generic theft offense, and thus an aggravated felony. *See United States v. Gutierrez–Ramirez*, 405 F.3d 352, 359 (5th Cir. 2005) (where indictment tracked the language of the statute, and included language relating to conduct that did not meet the generic offense definition, evidence was insufficient to determine that the defendant committed a qualifying predicate offense).

The government contends that Figueroa–Estrada's and his defense counsel's statements at the sentencing hearing establish by a preponderance of the evidence that Figueroa–Estrada in fact intended to deprive the property

8

owner of the rights and benefits of ownership.  At the sentencing hearing, Figueroa–Estrada affirmed that the facts set forth in the PSR were accurate. The PSR states that Figueroa–Estrada was convicted for felony petit theft after he "exited the [Wal-Mart] store without purchasing a cellular phone valued at $94.61."  His defense counsel also commented at the sentencing hearing that Figueroa–Estrada "went to Wal-Mart and stole a cell phone that was valued at $97."  Even assuming, as the government urges, that these statements at the sentencing hearing are judicial admissions upon which we can properly rely, they do not indicate that Figueroa–Estrada pleaded nolo contendere to taking the cell phone with the specific intent to deprive Wal-Mart of the property, rather than with the intent merely to appropriate it to his use.  Because the evidence does not show that Figueroa–Estrada's felony petit theft conviction qualifies as an aggravated felony, the district court erred in applying the 8-level enhancement to Figueroa–Estrada's sentence under Guidelines section 2L1.2(b)(1)(C).

## III. CONCLUSION

We VACATE the sentence of the district court and REMAND for resentencing.