**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2012

Lyle W. Cayce
Clerk

No. 11-40656

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CESAR NOE MEDINA–TORRES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

**ON PETITION FOR REHEARING**

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:

The petition for panel rehearing is GRANTED. The majority opinion and dissent, issued November 1, 2012, 2012 WL 5360876, are WITHDRAWN, and the following unanimous opinion is substituted. Appellant's motion to issue the mandate forthwith is GRANTED.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 11-40656

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:

Cesar Noe Medina-Torres pleaded guilty to one count of being found knowingly and unlawfully present in the United States after deportation in violation of 8 U.S.C. §§ 1326(a) & (b). The United States District Court for the Southern District of Texas sentenced Medina-Torres to 30 months' imprisonment. Medina-Torres appeals his sentence, arguing that the district court erred when it found his prior Florida conviction for theft to be a generic "theft offense" and therefore an "aggravated felony" under § 2L1.2(b)(1)(C) of the United States Sentencing Guidelines and enhanced his sentence accordingly. We hold that the Florida statute under which Medina-Torres was convicted, Florida Statute 812.014(1), encompasses conduct broader than that required for a generic theft offense, and that there is insufficient information to conclude that he had the requisite level of intent for the conviction to qualify as a generic "theft offense." Consequently, the prior conviction could not be used to enhance Medina-Torres' sentence based on a prior aggravated felony conviction. We VACATE the sentence and REMAND, however, to allow the government to present a possible alternate basis for the enhancement based on a different prior conviction.

## I.

In January 2011, border patrol agents apprehended Cesar Noe Medina-Torres at a border checkpoint during an immigration inspection. Medina-Torres admitted to being a citizen of Mexico illegally present in the United States. Agents discovered that in 2007, Medina-Torres had been convicted for grand

2

No. 11-40656

theft of a motor vehicle in Florida.  Medina-Torres was removed from the United States in October of 2007 in accordance with an immigration judge's orders.

On March 23, 2011, Medina-Torres pleaded guilty pursuant to a plea agreement to one count of being found knowingly and unlawfully present in the United States after deportation in violation of 8 U.S.C. §§ 1326(a) & (b). Applying the United States Sentencing Guidelines ("the Guidelines" or "USSG") of November 2010, the presentence report ("PSR") assessed a base offense level of eight.  *See* USSG § 2L1.2(a).  Medina-Torres' offense level was then increased by an additional eight levels because he had previously been deported following an aggravated felony conviction.  *See id.* § 2L1.2(b)(1)(C).  The district court relied on Medina-Torres' 2007 Florida conviction of grand theft under Florida Statutes section 812.014(1), for which he was sentenced to incarceration for one year and one day.  After a three-level reduction for acceptance of responsibility, he received a total offense level of 13.  *See id.* §§ 3E1.1(a) and (b).  Together with Medina-Torres' criminal history category of IV, this produced a Guidelines imprisonment range of 24 to 30 months.  *See* USSG § 5A.  The document under which Medina-Torres was convicted did not specify which subsection of the Florida theft statute he was charged with violating.  During the sentencing hearing, the defendant told the district court that he was not aware of any mistakes in the PSR and did not object at that time to the eight-level enhancement for the alleged prior aggravated felony conviction.  On May 27, 2011, the district court sentenced Medina-Torres to 30 months' imprisonment, three years of supervised release, and a $100 special assessment.

Medina-Torres timely appealed the sentence.  He argues that the district court erred when it applied the eight-level aggravated felony enhancement

No. 11-40656

under § 2L1.2(b)(1)(C) of the Guidelines based on his 2007 Florida conviction for grand theft of a motor vehicle. On appeal for the first time, the government asserts an alternative ground for the sentence enhancement. In 2004, Medina-Torres was arrested after a traffic stop; it was revealed that the vehicle he was driving contained illegal drugs and counterfeit currency in violation of Florida Statutes section 831.08. Medina-Torres pleaded guilty to the charge. A court sentenced him to six months' imprisonment followed by five years' probation. Medina-Torres violated the terms of his probation and as a result was sentenced to an additional 51 weeks' imprisonment. However, the government did not list this conviction as a grounds for enhancing his sentence in Medina-Torres' PSR, and the district court did not rely on it.

## II.

We review the district court's interpretation and application of the federal Sentencing Guidelines de novo. *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005) (per curiam). Because Medina-Torres did not object below to the aggravated felony sentence enhancement, we review the district court's decision for plain error. *See id*. at 358.

## III.

"This court finds plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *Villegas*, 404 F.3d at 358-59 (citing, inter alia, *United States v. Olano*, 507 U.S. 725, 732-37 (1993)). When the foregoing elements are satisfied, we may exercise our discretion to remedy the error if it "seriously affects the fairness, integrity,

No. 11-40656

or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks, alterations, and citations omitted); *Villegas*, 404 F.3d at 358-59.

### A.

Medina-Torres argues that his eight-level aggravated felony sentencing enhancement was erroneous because Florida's theft statute categorically encompasses conduct broader than the generic theft offense, and because in his case, the state court records do not narrow his conviction to show that he was convicted under the portion of the statute that is a qualifying theft offense. We agree.

To determine whether a felony conviction qualifies as an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(G), we employ a categorical approach. *Martinez v. Mukasey*, 519 F.3d 532, 540 (5th Cir. 2008). Under the categorical approach, "we look at the statute under which [the defendant] was convicted rather than at the particular underlying facts to determine whether the offense falls within a particular definition of 'aggravated felony[.]'" *Id.* (internal quotation marks omitted) (quoting *Omari v. Gonzales*, 419 F.3d 303, 307 (5th Cir. 2005)). Where "the statute of conviction contains a series of disjunctive elements," at least one of which may not qualify as an aggravated felony, we employ a modified categorical approach to determine whether the particular crime for which the defendant was convicted constitutes an aggravated felony. *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 297 (5th Cir. 2008) (internal quotation marks and citations omitted). In conducting the modified categorical approach analysis, we are "limited to examining the

statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).

The term "aggravated felony" includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year[.]" 8 U.S.C. § 1101(a)(43)(G).[1] The provision does not define "theft offense." Under this Court's precedent, the "generic, contemporary meaning" of "theft offense" under § 1101(a)(43)(G) is "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Burke v. Mukasey*, 509 F.3d 695, 697 (5th Cir. 2007) (per curiam) (internal citations omitted); *see also, e.g.*, *United States v. Dominguez-Ochoa*, 386 F.3d 639, 642-43 (5th Cir. 2004) (where the Sentencing Guidelines do not define an enumerated offense for enhancement purposes, courts must provide one "according to its 'generic, contemporary meaning'") (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). Put otherwise, this generic definition requires "an intent to deprive the owner of the benefit proceeding from possession of the stolen goods." *Burke*, 509 F.3d at 697.

Medina-Torres' prior conviction was for theft under Florida Statutes section 812.014(1), which states in relevant part:

> A person commits theft if he or she knowingly obtains or uses . . . the property of another with intent to, either temporarily or permanently:

---

[1] The term "aggravated felony" in section 2L1.2(b)(1)(C) of the Guidelines has the meaning given that term in 8 U.S.C. § 1101(a)(43). USSG § 2L1.2 cmt. n.3(A).

No. 11-40656

(a)    Deprive the other person of a right to the property or a benefit from the property.

(b)    Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Fla. Stat. § 812.014(1).  The information under which Medina-Torres was charged did not specify which subsection applied in this case.

A plain-text reading of section 812.014(1) does not reveal whether subsections (a) and (b) are to be read conjunctively or disjunctively—that is, whether the crime includes both elements or just one or the other.  If they are to be read disjunctively, then the statute encompasses conduct broader than our categorical definition of theft, which requires "an intent to deprive the owner of the benefit" of the stolen goods.  *Burke*, 509 F.3d at 697.  Subsection (a) satisfies the "intent to deprive" element, but subsection (b) does not.  Merely "appropriating the property" to one's "own use" does not rise to the level of an "intent to deprive the owner of the benefit . . . of the stolen goods."

Applying substantially the same definition of "theft" as we do, the Eleventh Circuit determined that Florida Statutes section 8.12.014(1) does not qualify as a "theft offense" for purposes of the aggravated felony statute.  *See Jaggernauth v. U.S. Attorney Gen.*, 432 F.3d 1346, 1353-54 (11th Cir. 2005).  The Eleventh Circuit observed that Florida courts treat section 812.014(1) as containing two separate crimes with different levels of intent.  *Id.* at 1353.  The Eleventh Circuit reasoned that although the appropriation of property under subsection (b) would involve a taking or exercise of control over property, it "would not necessarily entail that the property owner be deprived [of] his or her rights to the property's use or benefits."  *Id.* at 1354.  Therefore, it concluded

7

that a violation of subsection (b) lacks the intent required to constitute an aggravated felony for purposes of § 1101(a)(43)(G). *Id.* at 1355.

The court explained, "Florida courts . . . have consistently interpreted the section in the disjunctive, to articulate two distinct levels of intent." *Id.* at 1353. The court cited as an example *T.L.M. v. State*, 755 So. 2d 749, 751 (Fla. Dist. Ct. App. 2000), in which the court stated that "[s]ection 812.014 requires a finding of specific criminal intent to *either* (a) 'deprive' the other person of a right to the property or a benefit therefrom *or* (b) 'appropriate' the property to his own use or to the use of any person not entitled thereto." *Id.* at 751 (emphasis added); *see Jaggernauth*, 432 F.3d at 1353-54 (same). Other Florida courts likewise have interpreted the elements of section 812.014 disjunctively. *See Canady v. State*, 813 So. 2d 161, 161 (Fla. Dist. Ct. App. 2002) ("The evidence was insufficient to prove [the defendant's] criminal intent to deprive another person of property, *or* to appropriate the property, as required under section 812.014[.]") (emphasis added); *Allen v. State*, 690 So. 2d 1332, 1333-34 (Fla. Dist. Ct. App. 1997) ("The evidence . . . was sufficient to allow the jury to find the appellant guilty of grand theft because he knowingly used the property of another with intent to *either* temporarily or permanently deprive the owner of a right to his property *or* to appropriate the property to his own use in violation of sections 812.014(1) and 812.014(2)(c)[.]") (emphasis added); *see also Jaggernauth*, 432 F.3d at 1353-54 (collecting cases).

The Eleventh Circuit concluded that because the elements of section 812.014(1) were disjunctive, a conviction under the statute could not categorically qualify as a "theft offense." *Jaggernauth*, 432 F.3d at 1354. The court reasoned that if it were to conclude that a conviction under either

subsection (a) or (b) qualified as an "intent to deprive another person of a right to the property," it would "make subpart (b) superfluous, thereby violating the well-established rule of statutory construction that courts must give effect, if possible, to every clause and every word of a statute." *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (holding that a statute with two disjunctive clauses must be read in a way that gives independent meaning to both clauses)). Finally, citing Black's Law Dictionary, the court noted that a contrary conclusion "would ignore the plain meaning of 'appropriation,' which is defined as the 'exercise of control over property; a taking of possession,' and which would not necessarily entail that the property owner be deprived [of] his or her rights to the property's use or benefits." *Id.* (citation omitted).

We adopted the Eleventh Circuit's analysis in an unpublished opinion, *United States v. Figueroa-Estrada*, 416 F. App'x 377 (5th Cir. 2011). That case examined the same issue we face here, whether a conviction under § 812.014(1) qualifies as an aggravated felony for purposes of USSG sections 2L1.2(b)(1)(C) and 1101(a)(43)(G). *See id.* at 380-83. We agreed with the Eleventh Circuit, concluding that § 812.014(1) was divisible, and that only subsection (a) required the intent to deprive the owner of the rights and benefits of his property to qualify as a "generic theft offense." *Id.* at 382.

We agreed "that the two subsections of [Florida's theft statute] are disjunctive, articulating two distinct levels of intent." *Id.* at 381 (quoting *Jaggernauth*, 432 F.3d at 1353-54). "Only subsection (a) of section 812.014(1) requires an intent to deprive [the] owner; subsection (b) 'instead appears to address all acts of appropriation,' some of which may not necessarily require intent to deprive the owner of the rights and benefits of the property." *Id.* at 382

No. 11-40656

(quoting *Almeida v. Holder*, 588 F.3d 778, 789 (2d Cir. 2009) (contrasting one state's theft statute with Florida Statutes section 812.014(1) and noting that the Florida law is distinguishable from a theft offense because it can apply if the defendant interferes with "any of the 'sticks in the bundle of rights' characterized as property)). A prior conviction under section 812.014(1) that failed to specify the relevant subsection, therefore, could not qualify as a theft offense under § 1101(a)(43)(G). *Id.* Because the state court records did not specify whether the defendant was convicted under subsection (a) or (b), we concluded that the conviction did not qualify as a generic theft offense and overturned the sentencing enhancement. *Id.* at 382-83. We find our holding in *Figueroa-Estrada* persuasive and conclude that Medina-Torres's conviction under the Florida statute, without any means of narrowing the conviction to focus upon a specific subsection of the statute, does not qualify as the enumerated offense of "theft" under the aggravated offense definition.

Because we cannot conclude under the categorical approach that a conviction under Florida Statutes, section 812.014(1) qualifies as a generic theft offense, we turn to the modified categorical approach to determine whether, under the *Shepard* documents, we can ascertain the subsection under which Medina-Torres was charged. *See Shepard*, 544 U.S. at 16 (holding courts may look to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"); *see also Gonzalez-Terrazas*, 529 F.3d at 297 (modified categorical approach).

The modified categorical approach fails to establish that the aggravated felony enhancement was appropriate in Medina-Torres' case. The government

10

argues that the documents under which Medina-Torres was convicted narrow his conviction to subsection (a) and thus reveal that his conviction constitutes a "theft offense." The information, however, merely tracks the language of the statute and does not disclose which subsection applies. Medina-Torres' PSR similarly fails to provide the subsection under which he was convicted. The PSR states that Medina-Torres was pulled over and discovered to be driving a van that belonged to another without permission. These details do not reveal under which subsection of the Florida theft statute Medina-Torres was convicted. The evidence in the record is insufficient to conduct an effective modified categorical analysis; we cannot conclude that the facts of Medina-Torres' conviction place his behavior within the bounds of a generic theft offense.

Therefore, we hold that the district court erred in applying the eight-level sentence enhancement for a prior conviction for an aggravated felony based on the 2007 conviction.

### B.

Having held that the district court erred in finding that Medina-Torres' prior 2007 conviction was an aggravated felony, we now consider whether that error is reversible because it was "clear and obvious." We hold that it is. At the time the district court considered Medina-Torres' enhancement, the courts' holdings in *Jaggernauth*, 432 F.3d at 1353-54, and *Figueroa-Estrada*, 416 F. App'x at 380-83, had been decided, and no case to the contrary had been decided.

The government argues that the district court's error was not clear or obvious because *Jaggernauth* and *Figueroa-Estrada* are nonbinding and

No. 11-40656

distinguishable. However, it is not always necessary that a rule of decision be announced in a prior published decision in order for this Court to find it persuasive in reaching a decision. That a decision is persuasive authority does not affect its utility in establishing an error as plain or obvious. Plain error review focuses on "whether the severity of the error's harm demands reversal, and not whether the district court's action deserves rebuke." *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc) (internal quotation marks, citations, and alterations omitted). "The plain error rule is protective; it recognizes that in a criminal case, where a defendant's substantial personal rights are at stake, the rule of forfeiture should bend slightly if necessary to prevent a grave injustice." *Id.* (internal quotation marks, citations, and footnote omitted).

Likewise, we disagree with the government's argument that, because *Jaggernauth* and *Figueroa-Estrada* were not plain error cases, they cannot be persuasive authority here. *See Jaggernauth*, 432 F.3d at 1352-53 (applying clear and convincing evidence standard); *Figueroa-Estrada*, 416 F. App'x at 380 (noting the defendant adequately preserved the error). Our interpretation of the substantive Florida crime definition is based not merely on those cases but also on well-settled principles of many other cases applying the categorical approach. Whether the defendant's conviction under the Florida statute is an enumerated aggravated felony is a different question from whether the district court's sentencing error was plain error.

Accordingly, we find that the district court's error was clear and obvious. The first and second prongs of the plain-error test are thus satisfied.

No. 11-40656

## C.

Regarding the third prong, we address whether the district court's error affected the defendant's substantial rights. *Villegas*, 404 F.3d at 358. "A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011) (per curiam). "Our precedent is clear that absent additional evidence, a defendant has shown a reasonable probability that he would have received a lesser sentence when (1) the district court mistakenly calculates the wrong Guidelines range, (2) the incorrect range is significantly higher than the true Guidelines range, and (3) the defendant is sentenced within the incorrect range." *Id.* Indeed, where the incorrectly applied sentencing range is greater than and does not overlap with the correct range, "the district court's error necessarily . . . affect[s] [the defendant's] substantial rights." *Villegas*, 404 F.3d at 364.

Medina-Torres has shown that, based entirely on the 2007 prior conviction, the district court incorrectly enhanced his sentence by eight levels for a prior aggravated felony, resulting in a Guidelines range of 24-30 months and a sentence of 30 months. Without the erroneous eight-level enhancement, Medina-Torres would have only received a four-level enhancement for a prior, nonaggravated felony conviction for which the Guidelines range would have been 15-21 months. *See* USSG §§ 2L1.2(a) & (b)(1)(D), 3E1.1 & 5A. This is between 9 and 15 months less than the 30-month sentence actually imposed, and the two Guidelines ranges do not overlap. Medina-Torres has shown that the district court's error affected his substantial rights.

13

The government argues that even if the district court committed a clear and obvious error, such error did not affect Medina-Torres' substantial rights because his sentence could have been enhanced on the alternative ground of his forgery conviction.  In 2004, Medina-Torres was convicted for possession of forged notes or bills and sentenced to six months' imprisonment and five years' probation. When Medina-Torres was found in violation of the terms of his probation, he was sentenced to an additional 51 weeks' imprisonment. The government now contends for the first time on appeal that the two periods of imprisonment resulting from the forgery charge should be aggregated to satisfy the one-year imprisonment requirement.  The government acknowledges that Medina-Torres received no single sentence of at least one year for this offense, but argues that we should consider Medina-Torres' aggregate sentence—the original six-month term plus the 51 weeks he received upon revocation of his probation.  This alternate conviction was not listed on the PSR as a grounds for enhancement.   Nevertheless, the government argues the conviction would qualify as an "aggravated felony" permitting an eight-level enhancement.

In our initial opinion in this case, we declined to reach the government's alternative argument, because the government had failed to assert this conviction as a ground for enhancement in the PSR or to raise this argument otherwise during sentencing.  The government petitioned for panel rehearing, arguing that we should reconsider our holding in light of, *inter alia*, this court's published opinion in *United States v. Vargas–Soto*, 700 F.3d 180 (5th Cir. 2012). We have granted rehearing and now issue this substitute opinion.

On rehearing, we do not fault the government for its lack of response to an argument the defendant had failed to raise.  However, the government's current

argument is unsuitable to be addressed for the first time on appeal for two reasons: first, Medina–Torres' former conviction was poorly documented in the appellate record, and, second, the government was relying on a novel theory of sentence enhancement, namely, that a defendant's prior conviction should qualify as an aggravated felony with a term of imprisonment of "at least one year" even if he or she was never sentenced to a full year in prison. The government now argues that *Vargas–Soto*, issued several days before we issued our original opinion, requires a different outcome. We disagree.

In *Vargas–Soto*, *id.* at 183, this court held, on plain error review, that the defendant was not prejudiced by any sentencing error because he could have received the same sentence due to his conviction for another aggravated felony. The court agreed to consider this alternative ground for conviction even though, as in this case, "[n]either the PSR nor the district court specifically relied on [it]." *Id.* However, "to evaluate that offense, [the panel] granted the government's unopposed motion to supplement the record with the state-court records that are appropriate for [the court] to consider: the charging instrument, judicial confession, and judgment relating to the conviction. Those documents support[ed] that the offense . . . [was] a crime of violence . . . and therefore an aggravated felony" under Circuit precedent. *Id.* (citations omitted).

Here, by contrast, the government has not moved to supplement the appellate record and failed to provide us with sufficient documentation that would support the significant sentence enhancement based on the 2004 conviction. Although *Vargas–Soto* shows the efficacy of record supplementation in appropriate instances, it is unavailing here.[2]

---

[2] In her response to the petition for panel rehearing, the Public Defender sought to

No. 11-40656

Second, even with proper documentation, the government does not explain why the aggravated felony enhancement should apply here when Medina–Torres was never sentenced to "at least one year" in prison for his forgery conviction, as required by § 1101(a)(43)(R). This Court has not yet addressed whether a conviction under Florida Statutes § 831.08 qualifies as an aggravated felony. But even assuming arguendo that does, it does not clearly qualify as a conviction for which Medina–Torres' sentence could be enhanced, because his term of imprisonment was not "at least one year," 18 U.S.C. § 1101(a)(43)(R); he was sentenced to six months when he was initially sentenced and to 51 weeks upon revocation of probation, neither of which was at least one year. The government's argument relies on a novel "aggregation" theory to justify the imposition of the sentencing enhancement. But the government does not cite a single case holding that we are permitted to impose the aggravated felony sentencing enhancement under these conditions.[3]

---

avoid *Vargas-Soto* on the grounds that, *inter alia*, it "is not well-reasoned," "misconstrued the issue," and "is clearly contrary to Fifth Circuit precedent." We do not address those statements, because *Vargas-Soto* is a published, precedential opinion whose conclusions we are powerless to alter, and, in any event, the case is distinguishable from the circumstances we face here.

[3] *See United States v. Huerta–Moran*, 352 F.3d 766, 769-70 (2d Cir. 2003) ("We . . . decline to reach the complicated question of whether it is appropriate to aggregate a series of sentences, each shorter than 13 months, some imposed before and some after revocation of probation, to arrive at a final 'sentence imposed' that" meets the minimum amount of imprisonment time for the applicable sentencing enhancement); *cf. United States v. Compian–Torres*, 320 F.3d 514, 515-17 (5th Cir. 2003) (holding that a two-year sentence imposed after revocation of probation, when there was no initial term of imprisonment imposed, satisfied the 13-month minimum requirement under the applicable Guidelines provision); *United States v. Gracia–Cantu*, 302 F.3d 308, 310-11 (5th Cir. 2002) (noting that a five-year sentence imposed after revocation of probation, when there was no initial term of imprisonment imposed, satisfied the one-year minimum under § 1101(a)(43)(F))*; United States v. Hidalgo–Macias*, 300 F.3d 281, 283-86 (2d Cir. 2002) (holding that where a defendant was

No. 11-40656

For the foregoing reasons, we again decline the government's invitation to delve into this complicated question of first impression without the benefit of an opinion of the district court, proper appellate briefing, or substantiating evidence in the appellate record. Nevertheless, our opinion does not foreclose the government's ability to present this argument, accompanied with sufficient documentation of Medina–Torres' prior conviction, to the district court on remand. Although we have found the government's briefing and documentation of Medina–Torres' prior opinion insufficient for the purposes of passing on this question for the first time on appeal, we intimate no opinion as to the merits of this argument should it be properly presented to this court in the future.

In summary, because of the need to address the alternate enhancement theory in the district court on remand, we are unable to determine, in this appeal, whether Medina-Torres has shown, on the third prong of plain error review, that his substantial rights were affected by the erroneous enhancement. We therefore do not reach the fourth prong regarding the exercise of our discretion.

---

originally sentenced to six months of imprisonment and then sentenced to one year of imprisonment upon revocation of probation, the one-year requirement was met); *United States v. Jimenez*, 258 F.3d 1120, 1125 (9th Cir. 2001) (holding no plain error in the determination that the prison sentence met the one-year requirement when the original sentence was 365 days and the sentence imposed upon probation revocation was two years); *United States v. Rosado–Sabido*, 443 F. App'x 444, 445-47 (11th Cir. 2011) (unpublished) (holding no plain error in determination that the prison sentence met the one-year requirement when the original sentence was 66 days and the sentence imposed upon probation revocation was 365 days)); U.S.S.G. Ch. 7, Pt. A §§ 3(b), 4 (treating sentences imposed upon revocation of probation or supervised release as punishing defendant's "breach of trust"); *id.* Pt. B (providing that punishment imposed in probation revocation proceedings is governed by a distinct set of policy considerations than the underlying offense).

No. 11-40656

## IV.

The judgment of sentence is therefore VACATED and REMANDED for resentencing in accordance with this substitute opinion.