# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 25, 2013

Lyle W. Cayce
Clerk

No. 12-20571
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS MENDOZA ZAMORA, Also Known as Jesus Zamora Mendoza,
Also Known as Jesus Mendoza, Also Known as Jesus Mendoza-Zamora,
Also Known as Jesus Z. Mendoza, Also Known as Jesus Mendozz,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:11-CR-887-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jesus Mendoza Zamora appeals his sentence for illegal reentry under 8 U.S.C. § 1326(a) and (b)(1). He challenges the application of the eight-level enhancement in U.S.S.G. § 2L1.2(b)(1)(C) for having been previously removed after an aggravated-felony conviction. The enhancement was based on his Texas retaliation and federal illegal reentry convictions.

We review a preserved challenge to the application of the sentencing guidelines *de novo* and have assumed, without deciding, that *de novo* review applies to Mendoza Zamora's claim of error. *See United States v. Medina-Torres*, 703 F.3d 770, 773 (5th Cir. 2012). Section 2L1.2(b)(1)(C) provides an eight-level enhancement of the offense level if the defendant was previously deported after an aggravated-felony conviction. We employ the categorical approach to determine whether a conviction meets the definition of an aggravated felony by examining the statute of conviction rather than the underlying facts. *Id.* at 774. "Where the statute of conviction contains a series of disjunctive elements, at least one of which may not qualify as an aggravated felony, we employ a modified categorical approach to determine whether the particular crime for which the defendant was convicted constitutes an aggravated felony." *Id.* (internal quotation marks and citation omitted). Under that approach, we are "'limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

Aggravated felony is defined by 8 U.S.C. § 1101(a)(43). § 2L1.2 cmt. n.3(A). An aggravated felony includes "an offense described in section 1325(a) or 1326 of . . . title [8] committed by an alien who was previously deported on the basis of a conviction for an offense described in another subparagraph of . . . paragraph [43]." § 1101(a)(43)(O). Section 1326(a) prohibits an alien from reentering the United States after he has been removed. A twenty-year statutory maximum applies to an alien "whose removal was subsequent to a conviction for

commission of an aggravated felony." § 1326(b)(2). Thus, a conviction for illegal reentry under § 1326(b)(2) is an aggravated felony within the meaning of § 1101(a)(43)(O). *See United States v. Gamboa-Garcia*, 620 F.3d 546, 548 (5th Cir. 2010).

Mendoza Zamora was previously convicted of illegal reentry; the judgment cited § 1326(a) and (b)(2) as the statute of conviction. The retaliation conviction was the underlying aggravated felony used to characterize the illegal-reentry conviction as one under § 1326(b)(2). We need not determine whether Mendoza Zamora can relitigate that characterization, because he does not explicitly argue that his illegal-reentry conviction is not an aggravated felony because its underlying retaliation conviction is not an aggravated felony. Mendoza Zamora is represented by counsel, so he is not entitled to a liberal construction of his arguments. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

As to Mendoza Zamora's contention that there was no *Shepard*-approved evidence establishing that the illegal-reentry conviction was under § 1326(b)(2), such evidence was not required. By relying on the citation to § 1326(b)(2) in the prior illegal-reentry judgment to conclude that that conviction was under § 1326(b)(2), the district court properly used the judgment to establish the existence of the prior conviction. *See United States v. Moreno-Florean*, 542 F.3d 445, 449-50 n.1 (5th Cir. 2008); *United States v. Neri-Hernandes*, 504 F.3d 587, 591-92 (5th Cir. 2007). Because this conviction constituted an aggravated felony within the meaning of § 1101(a)(43)(O), the district court did not err, plainly or otherwise, in enhancing the sentence under § 2L1.2(b)(1)(C).

The judgment of sentence is AFFIRMED.