# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10066
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE BARRETO ABILES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-141-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jorge Barreto Abiles pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and carry and use of a firearm in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). He challenges his 262-month sentence for the methamphetamine offense, asserting that the district court erred by imposing a U.S.S.G. § 2D1.1(b)(5) importation enhancement because (1) he did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

import the methamphetamine and (2) there was no evidence that he engaged in jointly undertaken criminal conduct with the importer. However, the possession with intent to distribute imported methamphetamine "without more" subjects the defendant to the § 2D1.1(b)(5) enhancement. *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir.), *cert. denied*, 2014 WL 3509481 (Oct. 6, 2014) (No. 14-5236). Barreto Abiles alternatively asserts that this court erred in *United States v. Serfass*, 684 F.3d 548, 549-50, 553 (5th Cir. 2012), when it determined that there is no scienter requirement under § 2D1.1(b)(5). We do not entertain this argument, as a panel of this court may not overrule the decision of another absent a superseding en banc or Supreme Court decision. *See United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).

Additionally, Barreto Abiles contends that the district court erroneously double counted his actions of drawing a firearm while fleeing from law enforcement by imposing the U.S.S.G. § 3C1.2 reckless endangerment enhancement along with the mandatory minimum 60-month sentence under § 924(c) and U.S.S.G. § 2K2.4. Because he did not raise the objection before the district court, review is for plain error. *See United States v. Medina-Torres*, 703 F.3d 770, 773-74 (5th Cir. 2012). Barreto Abiles must show an error that is clear or obvious that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We find no plain error in the imposition of the the reckless endangerment enhancement because any such error would be "subject to reasonable debate" and therefore not clear or obvious. *See Puckett*, 556 U.S. at 135. As a matter of first impression, it is not clear that either § 3C1.2 or § 2K2.4 on its face specifically prohibits double counting under the circumstances of this case. *See*

No. 14-10066

§ 3C1.2, cmt. (n.1); § 2K2.4, cmt. (n.4); *United States v. Garcia-Gonzalez*, 714 F.3d 306, 316 (5th Cir. 2013) ("Double counting is prohibited only if the particular guidelines at issue specifically forbid it."). For example, Application Note 1 to § 3C1.2 does not expressly apply because Barreto Abiles did not receive a second guidelines *enhancement* based on his conduct of drawing the firearm while fleeing. Nor was his 60-month sentence under § 924(c) imposed "solely on the basis of the same conduct" as the § 3C1.2 enhancement because the § 3C1.2 enhancement was based in part on Barreto Abiles's conduct in fleeing from law enforcement.

Likewise, the commentary to § 2K2.4 expressly bars only enhancements "for possession, brandishing, use, or discharge" of a firearm when determining the sentence for the underlying offense. § 2K2.4, cmt. (n.4). Barreto Abiles contends that this rule extends beyond the enhancements that apply expressly to firearms to any enhancement that is related to a firearm in a particular case. He emphasizes that the district court imposed the reckless endangerment enhancement "based on [his] possession and manipulation of a weapon during flight" and that the enhancement "could not have applied in the absence of the firearm," without which "there was merely flight." However, he cites no authority showing that the comment to § 2K2.4 has been applied to a non-firearm enhancement that was not specifically listed as an example in the commentary.

For these reasons, the judgment of the district court is AFFIRMED.