# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40068
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVARO MEDINA, also known as Alvaro Medina-Estrada,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-627-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Alvaro Medina appeals the 30-month sentence imposed on his guilty plea conviction for illegal reentry. *See* 8 U.S.C. § 1326. We conclude that the district court committed plain error by enhancing Medina's base offense level by 12 levels under U.S.S.G. § 2L1.2(b)(1)(B) based on a conviction under Florida statute § 893.13(1)(a). *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009). Because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40068

Florida law does not require that a defendant know of the illicit nature of the substance involved in the offense, a conviction under that law may not serve as a basis for enhancing a federal drug sentence. *Sarmientos v. Holder*, 742 F.3d 624, 627-31 (5th Cir. 2014); *see* U.S.S.G. § 2L1.2, comment. (n.1(B)(iv)); *United States v. Teran-Salas*, 767 F.3d 453, 457 n.1 (5th Cir. 2014).

Medina has a guidelines range of 21 to 27 months under § 2L1.2(b)(1)(C) because he had a 2008 federal conviction for illegal reentry, which constituted an aggravated felony conviction. *United States v. Zamora*, 519 F. App'x 251, 252 (5th Cir. 2013); *see Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006). This is significantly lower than the guidelines range of 30 to 37 months calculated by the district court. Thus, Medina's substantial rights were affected by the enhancement error, which also affected the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135; *United States v. John*, 597 F.3d 263, 285 & n.96 (5th Cir. 2010); *United States v. Gonzales*, 484 F.3d 712, 716 (5th Cir. 2007).

We reject, however, Medina's contention that the judgment must be reformed to delete any citation of § 1326(b). Citation of § 1326(b) is proper based on Medina's 2008 illegal reentry conviction. *See Zamora*, 519 F. App'x at 252; *United States v. Ho*, 311 F.3d 589, 602 n.12 (5th Cir. 2002).

We vacate the sentence and remand for resentencing consistent with this opinion and without prejudice to Medina's right to urge in the district court any claim concerning the special alias and deportation convictions that the district court imposed or may choose to re-impose.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.